IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

JODI C. MAHDAVI,

    Plaintiff

v.

NEXTGEAR CAPITAL, INC.          Case No. 1:14-cv-0648

and

P.A.R. SERVICES, INC.,

    Defendants.

_____/

## CONSENT TEMPORARY RESTRAINING ORDER

The Court, having considered the pleadings in the instant case, and noting the agreement of the Plaintiff, Jodi C. Mahdavi, by Counsel, and the Defendant, NextGear Capital, Inc. ("NextGear"), by Counsel, below, enters the following Temporary Restraining Order pursuant to Rule 65 of the Federal Rules of Civil Procedure and Va. Code § 8.01-622.

UPON CONSIDERATION WHEREOF, it appearing that the Defendant, NextGear is in possession or control of a 2013 BMW 650i, with a vehicle identification number ("VIN") of WBA6B4C53DD097953 (the "BMW"); that Plaintiff claims she will suffer irreparable harm if Defendant, NextGear Capital, Inc. is permitted to sell the BWM; Plaintiff claims she has no adequate remedy at law; claims greater injury will be inflicted upon Plaintiff by the denial of temporary injunctive relief than would be inflicted upon NextGear by the granting of such relief; claims that the injunction is in the public interest; and claims therefore that a temporary restraining order should be entered; and it further appearing that NextGear contests Plaintiff's claims and intends to oppose a preliminary injunction, but has agreed that it will not sell the

1

BMW for the period from the entry of the order until June 20, 2014; it is hereby

ORDERED pursuant to Fed. R. Civ. P. 65 that a temporary restraining order is immediately entered and shall remain in full force and effect until 5:00 P.M. on the fourteenth day after entry of this Order unless extended pursuant to Rule 65(b)(2);

ORDERED that, until this Order expires or is dissolved, NextGear is prohibited from selling the 2013 BMW 650i, with a vehicle identification number ("VIN") of WBA6B4C53DD097953 (the "BMW"), and that NextGear and its agents shall preserve and safeguard the BMW and the contents contained therein;

ORDERED that this temporary restraining order is binding, upon receipt of actual notice by personal service or otherwise, on the parties, their officers, agents, servants, employees, attorneys, and any other persons who are in active concert or participation with any of the parties, their officers, agents, servants, employees, and attorneys;

ORDERED that NextGear's consent to this Temporary Restraining Order shall not be deemed a waiver of any claim, defense, or legal argument, including NextGear's opposition to a preliminary injunction;

ORDERED that NextGear shall appear on June 20, 2014 at 10:00 A.M., and show cause why this Order should not be converted into a Preliminary Injunction until the Complaint in this matter is fully adjudicated;

AND IT IS FURTHER ORDERED that, the Court finds that no injunction bond shall be required of the Plaintiff for this Order to take effect due to the consent of the parties.

IT IS SO ORDERED.

ENTERED THIS ____ DAY OF JUNE 2014.

_____
Judge, United States District Court

WE ASK FOR THIS:

LEVINE, DANIELS & ALLNUTT, PLLC
Heritage Square
5311 Lee Highway
Arlington, Virginia 22207
Telephone: (703) 525-2668
Facsimile: (703) 525-8393
jonathan.levine@levinedaniels.com


By: /s/ Jonathan E. Levine
    Jonathan E. Levine, Esquire
    Virginia Bar ID No. 45572
    Counsel for Plaintiff, Jodi C. Mahdavi


WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, VA 23510
Telephone: (757) 628-5500
Facsimile: (757) 628-5566
awinsky@wilsav.com


By: /s/ Ashley W. Winsky  (by Jonathan E. Levine pursuant to authorization given by
                Ashley W. Winsky by email on 6/4/2014)
    Ashley W. Winsky, Esquire
    Virginia Bar ID No. 79224
    Counsel for Defendant, NextGear Capital, Inc.


Copies to:

P.A.R. Service, Inc.
Attention: April Rector, Manage
6504 Yochelson Place
Clinton, MD 20735