IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

JODI C. MAHDAVI,

    Plaintiff

v.

NEXTGEAR CAPITAL, INC.          Case No. 1:14-cv-0648

and

P.A.R. SERVICES, INC.,

    Defendants.
_____/

### PLAINTIFF JODI C. MAHDAVI'S MEMORANDUM IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION

COMES NOW, Plaintiff, Jodi C. Mahdavi ("Mahdavi" or "Mrs. Mahdavi"), by Counsel, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure and Virginia Code § 8.01-622, and for her memorandum in support of her Motion for Preliminary Injunction, respectfully states as follows:

### Brief Summary

Mrs. Mahdavi and Defendant, NextGear Capital, Inc. ("NextGear") have submitted to this Court an Unopposed Motion for Temporary Restraining Order and Memorandum of the Plaintiff in Support, and a corresponding Consent Temporary Restraining Order were filed concurrently with this Motion for Preliminary Injunction. Mrs. Mahdavi seeks to further prohibit the NextGear or its agents from selling a 2013 BMW 650i Gran Coupe with a vehicle identification number ("VIN") of WBA6B4C53DD097953 (hereinafter the "BMW") by filing this instant Motion. A preliminary injunction will maintain the status quo until this matter is resolved in this Court.

**Facts**

Mrs. Mahdavi is the owner of the BMW. *See* Exhibit 1, Affidavit of Mrs. Mahdavi. The title for the BMW is dated April 11, 2014 and in Jodi C. Mahdavi's name. *See* Exhibit 1-A, Title.

On or about March 11, 2014 Mrs. Mahdavi entered into a retail purchase agreement ("Purchase Agreement") with Beltway Auto Brokers, LLC, d/b/a Baltimore Washington Auto Outlet (hereinafter "BW Auto Outlet"), to purchase the BMW. *See* Retail Purchase Agreement, attached hereto as Exhibit 1-B. On or about March 11, 2014, pursuant to the Purchase Agreement, she transferred $23,000.00 from her personal bank account to the bank account of BW Auto Outlet as the down payment for the BMW. *See* Account Statement, Exhibit 1-C. On April 14, 2014 she took out an automobile loan with Pentagon Federal Credit Union ("PFCU") in the amount of $64,941.70 for the remaining balance of the purchase of the BMW (the "Loan"). *See* Promissory Note, attached hereto as Exhibit 1-D. On or about April 16, 2014, PFCU issued a check, Number 0002877274, in the amount of $64,941.07 payable to BW Auto Outlet and Jodi C. Mahdavi, for the balance of the BMW's purchase price. *See* Check, attached hereto as Exhibit 1-E. She and BW Auto Outlet endorsed the Check, BW Auto Outlet received the proceeds of the Check, and she fully paid for the BMW. Her first payment under the Loan is due June 7, 2014. *See* Exhibit 1-D.

On or about 1:00 A.M. on May 21, 2014, the BMW was intentionally taken from her home in Vienna, Virginia by P.A.R. Services, Inc. ("P.A.R. Services") on behalf of NextGear Capital, Inc. ("NextGear"). Upon information and belief, NextGear provided financing to BW Auto Outlet, is currently in a dispute with BW Auto Outlet, and had the BMW taken by P.A.R. Services as part of its dispute with BW Auto Outlet. NextGear's case against BW Auto Outlet is pending in the United States District Court for the District of Maryland in Anne Arundel County,

Case No. 0702-3975-2014. NextGear is currently threatening to sell the BMW. *See* Sale Letter, attached hereto as Exhibit 1-F. Upon information and belief NextGear is in possession or control of the BMW. Despite not possessing the BMW, Mrs. Mahdavi is obligated to make her monthly payments to PFCU. *See* Exhibit 1-D.

### Argument

**A. Standard for Injunctive Relief.**

The U.S. Supreme Court articulated the four factors that must be satisfied to award an injunction: (1) that the Plaintiff is likely to succeed on the merits, (2) that she is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in her favor, and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Council, Inc.*, 129 S. Ct. 365, 374-76 (2008). Injunctive relief is an extraordinary measure that requires a plaintiff seeking it to demonstrate that irreparable injury is likely in the absence of an injunction. *Winter*, 129 S. Ct. at 375-76 (2008) (internal citations omitted).

**B. Jodi Mahdavi Satisfies the *Winter* Test for Injunctive Relief.**

*1. The injunctive relief must be granted because Mrs. Mahdavi will likely prevail on the merits.*

As shown in her Affidavit, Mrs. Mahdavi paid BW Auto Outlet for the BMW by paying a down payment and securing a Loan with PFCU for the BMW, holds title to the BMW, and purchased the BMW in good faith. Mrs.  There is a written purchase agreement for the BMW between Mrs. Mahdavi and BW Auto Outlet, a loan agreement between Mrs. Mahdavi and PFCU, and BW Auto Outlet was paid in full for the BMW.  As such, Mrs. Mahdavi is a "buyer in ordinary course of business" pursuant to Va. Code § 8.1A-201(9). Upon information and belief, NextGear provided financing to BW Auto Outlet, is currently in a dispute with BW Auto Outlet, and had the BMW taken by P.A.R. Services as part of its dispute with BW Auto Outlet.

3

Mrs. Mahdavi is not a party to NextGear's dispute with BW Auto Outlet and is not in privity of contract with NextGear. She is merely a consumer caught in the middle of NextGear's dispute with BW Auto Outlet.

### 2. *The injunctive relief must be granted to prevent irreparable harm of the loss of the specific vehicle.*

Virginia Code section 8.01-622 states: "An injunction may be awarded to protect any plaintiff in a suit for specific property, pending either at law or in equity, against injury from the sale, removal, or concealment of such property." Mrs. Mahdavi is entitled to injunctive relief under the Virginia Code because the BMW that NextGear seeks to sell is the specific property of the Plaintiff. She is the titleholder and bona fide purchaser who purchased the BMW in good faith. As such, Mrs. Mahdavi is a "buyer in ordinary course of business" pursuant to Va. Code § 8.1A-201(9). She carefully selected this specific car due to its year, mileage, and color combination. To allow the vehicle to be sold would mean a permanent deprivation of her specific property. Additionally, the BMW is collateral for Mrs. Mahdavi's Loan with PFCU, and the sale of the BMW would result in Mrs. Mahdavi's having to pay on a loan for a vehicle that she no longer possesses.

If the Court does not intervene with its equitable powers, the sale of the BMW by the Defendants is imminent. There is no remedy at law to prevent the sale of the BMW. NextGear's case against BW Auto Outlet is pending in the District Court of Maryland in Anne Arundel County, Case No. 0702-3975-2014. Mrs. Mahdavi is not a party to NextGear's dispute with BW Auto Outlet and is not in privity of contract with NextGear. She is merely a consumer caught in the middle of NextGear's dispute with BW Auto Outlet.

### 3. *The balance of the equities tips in the favor of the Plaintiff.*

In each case, courts "must balance the competing claims of injury and must consider the

effect on each party of the granting or withholding of the requested relief." *Amoco Production Co. v. Vill. Gambell*, 107 S. Ct. 1396, 1402 (1987). As previously noted, NextGear has possession or control of Mrs. Mahdavi's BMW. The loss of the BMW is an irreparable harm to Mrs. Mahdavi, who will owe PFCU for vehicle that she does not possess, and puts her in danger of further default under the terms of the Loan with PFCU. The BMW is specific collateral named in that Loan. NextGear, on the other hand, will only be prevented from selling or disposing of the BMW until this matter is resolved. The injunction will allow the parties to maintain the status quo while this Court determines the rights of the parties.

### 4. *An injunction is in the public interest.*

"In each case, courts must balance the competing claims of injury and consider the effect of granting or withholding the requested relief, paying particular regard to the public consequences." *Weinberger v. Romero-Barcelo*, 102 S. Ct. 1798, 1803 (1982). Public policy favors maintaining the status quo and not allowing the Defendants to sell a vehicle where ownership is in dispute with an unsuspecting third party, good faith purchaser.

### Conclusion

WHEREFORE, the Plaintiff, Jodi C. Mahdavi, by Counsel, respectfully requests the Court to grant her Motion for Preliminary Injunction, enjoin the Defendant, NextGear, and its agents, from selling or disposing of the subject BMW until this matter is fully resolved in this Court, and for such other relief the Court deems appropriate.

Dated: June 6, 2014

Jodi C. Mahdavi
By Counsel

LEVINE, DANIELS & ALLNUTT, PLLC
Heritage Square
5311 Lee Highway
Arlington, Virginia  22207
Telephone:  (703) 525-2668
Facsimile:  (703) 525-8393
jonathan.levine@levinedaniels.com

By ___/s/ Jonathan E. Levine_____
    Jonathan E. Levine, Esquire
    VA Bar ID 45572
    *Counsel for the Plaintiff, Jodi C. Mahdavi*

## CERTIFICATE OF SERVICE

I hereby certify on June 6, 2014 that the foregoing Memorandum In Support of Motion for Preliminary Injunction was served via CM/ECF on Ashley W. Winsky, Esquire, Willcox & Savage, P.C., 440 Monticello Avenue, Suite 2200, Norfolk, VA 23510, and by first-class mail and facsimile to April Rector, Manager, P.A.R. Services, Inc., 6504 Yochelson Place, Clinton, MD 20735.

                                                   /s/ Jonathan E. Levine_____
                                                       Jonathan E. Levine, Esquire