# EXHIBIT 3

IN THE CIRCUIT COURT OF MARYLAND FOR ANNE ARUNDEL COUNTY

| | |
|---|---|
| NEXTGEAR CAPITAL, INC., | * |
| Plaintiff, | * |
| | * CASE NO. _C14-18765 3_ |
| vs. | * |
| BELTWAY AUTO BROKERS, LLC, et al. | * |
| | * |
| Defendants. | * |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## TEMPORARY RESTRAINING ORDER

This matter comes before the Court upon the Verified Complaint for Injunctive Relief and Damages (the "Verified Complaint"), Motion for Temporary Restraining Order, Attachment Before Judgment, and Preliminary and Permanent Injunctions (the "Motion"), and Memorandum of Law in Support of Motion for Temporary Restraining Order, Writ of Attachment Before Judgment, and Preliminary and Permanent Injunctions (the "Memorandum") filed by Plaintiff NextGear Capital, Inc. ("NextGear") against Defendants Beltway Auto Brokers, LLC ("Beltway Auto"), Mr. Khazeyer Molavi, and Ms. Shahla Nozary. It is hereby ORDERED and ADJUDGED on this _14th_ day of May, 2014 at _4:00_ in the A.M./P.M. as follows:

1. The Court finds, pursuant to Maryland Rules 15-501 through 15-505, from the specific facts shown by the Verified Complaint, the Motion, and the Memorandum, that NextGear will suffer immediate, substantial and irreparable harm before a full adversary hearing can be held on the propriety of a preliminary or final injunction.

2. It is hereby ORDERED that:

   a. Defendant Beltway Auto, as well as its agents and all those acting in concert with it, is enjoined from using, encumbering, transferring, selling, or otherwise

CIVIL DEPARTMENT 2014 MAY 14 P 4:12

# 497442                                1

disposing of any funds, property, and/or assets in which it has any ownership interest, including but not limited to any motor vehicles, whether or not purchased with credit from NextGear;

  b. Defendant Beltway Auto, as well as its agents and all those acting in concert with it, is enjoined from spending, disbursing, wiring, converting, drawing any check or draft on, or otherwise transferring any amount from any financial account in which it has an interest;

  c. Defendants Mr. Molavi and Ms. Nozary are enjoined from using, encumbering, transferring, selling or otherwise disposing of any funds, property, and/or assets in which either individual has any ownership interest;

  d. Defendants Mr. Molavi and Ms. Nozary are enjoined from spending, disbursing, wiring, converting, drawing any check or draft on, or otherwise transferring any amount from any financial account in which either individual has an interest.

3. All banks or other financial institutions holding accounts owned by Beltway Auto shall immediately freeze all such accounts.

4. All banks or other financial institutions holding accounts owned by Mr. Molavi, Ms. Nozary, or both of them jointly shall immediately freeze all such accounts.

5. Within three (3) days after the date of the Temporary Restraining Order, Defendants Beltway Auto, Mr. Molavi, and Ms. Nozary shall produce to NextGear information and documents sufficient to identify the current location of every motor vehicle in which Beltway Auto has an interest, including but not limited to, all motor vehicles purchased using credit from NextGear.

6. Beltway Auto shall be enjoined, prohibited, and restrained from moving, altering, or concealing any of the motor vehicles in which it has an interest without NextGear's written consent.

7. This Temporary Restraining Order shall terminate and be of no further force or effect ten (10) days from the date and time indicated above, unless otherwise ordered by the Court.

8. A bond for the injunctive relief ordered herein shall be waived pursuant to the Demand Note.

9. Pursuant to Maryland Rule 2-115 and Maryland Code, §§3-302 to 3-305 of the Courts & Judicial Proceedings Article, the Clerk shall issue a Writ of Attachment before Judgment directing a garnishment of property or credits of Beltway Auto, Mr. Molavi, and Ms. Nozary held by Bank of America, including but not limited to account number XXXXXXXX1606. Bank of America's resident agent is The Corporation Trust Incorporated, 351 West Camden Street, Baltimore, Maryland 21201.

10. The Clerk is hereby directed to schedule a hearing on Plaintiff's Motion for a Preliminary Injunction at the earliest practicable time, not more than ten (10) days from the date of this Temporary Restraining Order, unless otherwise directed.

11. Beltway Auto, Mr. Molavi, Ms. Nozary, or any other person affected by this Temporary Restraining Order may apply for a modification or dissolution of this Order on two (2) days' notice to the Plaintiff, or such shorter notice as the Court may prescribe.

12. No bond shall be required of NextGear, having been waived by Beltway Auto.

13. Plaintiff must serve Defendants + their reported attorney in a manner consistent with the Rules w/ the Verified Complaint, its attachments + this Order, as well as electronic service within 24 hours as available to counsel of defendants —

[Signature] /s/ [illegible]
Judge, Circuit Court for
Anne Arundel County
# 497442

TRUE COPY,
TEST: Robert P. Duckworth, Clerk
By: _____ Deputy

3