IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

JODI C. MAHDAVI,

        Plaintiff,

        v.                          Case No. 1:14-cv-00648-TSE-TCB

NEXTGEAR CAPITAL, INC.,

and

P.A.R. SERVICES, INC.

        Defendants.

### NEXTGEAR CAPITAL, INC'S ANSWER TO COMPLAINT

Defendant NextGear Capital, Inc. ("NextGear") through undersigned counsel, files this answer to Plaintiff's Complaint, and states:

### A. PARAGRAPH BY PARAGRAPH RESPONSES

### Parties, Jurisdiction, and Venue

1. On information and belief, Defendant believes that Ms. Mahdavi is a citizen of the Commonwealth of Virginia. Defendant lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 1, and therefore denies them.

2. Admitted.

3. On information and belief, Defendant believes that P.A.R. Services, Inc. is a resident of Maryland, and therefore denies this allegation.

4. Defendant admits that the United States District Court for the Eastern District of Virginia has personal jurisdiction over the parties. Defendant denies the remaining allegations in paragraph 4.

5.   Defendant admits that the United States District Court for the Eastern District of Virginia has subject matter jurisdiction over the dispute.  Defendant denies the remaining allegations in paragraph 5.

6.   Defendant admits that the United States District Court for the Eastern District of Virginia, Alexandria division, is the proper venue for the dispute.  Defendant denies the remaining allegations in paragraph 6.

**Background and Facts**

7.   Defendant denies that Mrs. Mahdavi's title is valid, as it was obtained by fraud.  Defendant denies the remaining allegations in paragraph 7.

8.   Defendant admits that the date of the title Mrs. Mahdavi has attached to the complaint is April 11, 2014.  Defendant disagrees that this is a proper title for the BMW, as it was obtained by fraud.  Defendant denies the remaining allegations in paragraph 8.

9.   Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9, and therefore denies them.

10.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10, and therefore denies them.

11.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11, and therefore denies them.

12.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12, and therefore denies them.

13.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13, and therefore denies them.

14.  Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14, and therefore denies them.

15. Defendant admits that it engaged P.A.R. Services to repossess its collateral, including the subject BMW, and that P.A.R. Services located and repossessed the BMW from Mrs. Mahdavi's home. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 15, and therefore denies them.

16. Defendant admits that it engaged P.A.R. Services to repossess its collateral, including the subject BMW. Defendant denies any remaining allegations in paragraph 16.

17. Defendant repossessed the BMW because it was entitled to do so. Defendant admits that it is in a legal dispute with BW Auto Outlet, a company for which Mrs. Mahdavi's husband directed operations. Defendant denies that the remaining allegations in paragraph 17.

18. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18, and therefore denies them.

19. Defendant denies that any sale is currently scheduled. Defendant admits that it sent a letter providing notice of Defendant's right to sell the collateral. Defendant denies any remaining allegations in paragraph 19.

20. Denied.

21. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21, and therefore denies them.

22. Defendant admits that it repossessed the BMW. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 22, and therefore denies them.

### I. Injunctive Relief

23. Defendant re-alleges and incorporates herein her answers to the prior paragraphs of the Complaint as if fully set forth herein.

24. Defendant admits that Plaintiff is seeking an injunction. Defendant lacks knowledge or information sufficient to form the belief as to the truth of the remaining allegation in paragraph 24, and therefore denies them.

25. Denied.

26. Defendant denies that it has current plans to sell the BMW at auction. Defendant admits that it has the right to sell the BMW at auction. Defendant denies any remaining allegations in paragraph 26.

27. Defendant admits that the BMW to which Plaintiff refers is a specific automobile. Defendant denies that the BMW is unique or different from other similar BMWs. Defendant denies any remaining allegations in paragraph 27.

28. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28, and therefore denies them.

29. Denied.

## II. Declaratory Judgment

30. Defendant re-alleges and incorporates herein her answers to the prior paragraphs of the Complaint as if fully set forth herein.

31. Denied.

32. Denied.

## III. Trespass and Conversion

33. Defendant re-alleges and incorporates herein her answers to the prior paragraphs of the Complaint as if fully set forth herein.

34. Defendant admits that P.A.R. Services repossessed the BMW from Ms. Mahdavi's residence. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34, and therefore denies them.

35. Defendant admits that it hired P.A.R. Services to repossess collateral, including the subject BMW. Defendant denies any remaining allegations in paragraph 35.

36. Denied.

37. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37, and therefore denies them.

38. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 38, and therefore denies them.

39. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 39, and therefore denies them.

40. Admitted.

41. Denied.

42. Denied.

43. Defendant denies any knowledge of any personal property allegedly inside the BMW. Defendant admits that Mrs. Mahdavi does not have the use or possession of the BMW. Defendant denies any remaining allegations in paragraph 43.

44. Denied.

45. Denied.

## B. DEFENSES

1. Except as otherwise specifically admitted in this Answer, Defendant denies all of the allegations in the Complaint, and denies that Plaintiff is entitled to any of the relief requested in her prayers for relief.

2. There is no basis in law or in fact on which Plaintiff is entitled to recover damages.

3. Plaintiff has failed to state a claim against Defendant upon which relief can be granted.

4. Plaintiff's claims are barred by fraud.

5. Plaintiff's claims are barred by the doctrine of unclean hands.

6. Plaintiff's claims are barred by illegality.

7. Defendant's alleged actions were authorized, justified, and/or privileged.

8. Plaintiff's claims are barred by waiver.

9. Plaintiff's claims are barred by estoppel.

10. Plaintiff's claims are barred by duress.

11. Plaintiff's claims are barred for failure to join necessary parties.

12. Discovery is ongoing and incomplete and Defendant reserves the right to add additional affirmative defenses as may be applicable and appropriate during the pendency of this action.

WHEREFORE, NextGear Capital, Inc. prays that Plaintiff's Complaint be dismissed in its entirety, that Plaintiff take nothing by way of the allegations contained in her Complaint, that Defendant be awarded its costs incurred in defense of this action, and for all other appropriate relief for Defendant.

Respectfully Submitted,

NextGear Capital, Inc.

By   /s/

Ashley W. Winsky (VSB #79224)
awinsky@wilsav.com
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510-2243
(757) 628-5500
(757) 628-5566 (facsimile)

David G. Sommer
   *Admitted Pro Hac Vice*
James D. Bragdon (VSB #83681)
   *Admitted Pro Hac Vice*
Gallagher Evelius & Jones LLP

6

I-1269556.1

                218 N. Charles St., Ste. 400
                Baltimore, MD 21201
                Telephone (410) 951-1416
                Fax (410) 468-2786

                *Counsel for NextGear Capital, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of June, 2014, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jonathan E. Levine, Esq.
LEVINE, DANIELS & ALLNUTT, PLLC
Heritage Square
5311 Lee Highway
Arlington, VA 22207
Jonathan.levine@levinedaniels.com
*Counsel for Plaintiff*

And will mail a copy of the foregoing via U.S. Mail, postage prepaid, to the following:

P.A.R. Services, Inc.
6504 Yochelson Place
Clinton, MD 20735

And will send a copy by Federal Express to:

Senior Judge T.S. Ellis, III
c/o Clerk of Court
United States District Court
Eastern District of Virginia
Alexandria Division
401 Courthouse Squire
Alexandria, Virginia 22314-5798

To the best of my knowledge there are no other parties who require service by other means.

                    ___/s/_____
                    Ashley W. Winsky (VSB #79224)
                    awinsky@wilsav.com
                    WILLCOX & SAVAGE, P.C.
                    440 Monticello Avenue, Suite 2200
                    Norfolk, Virginia 23510-2243
                    (757) 628-5500
                    (757) 628-5566 (facsimile)
                    *Counsel for NextGear Capital, Inc.*