IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

JODI C. MAHDAVI,

    Plaintiff

v.

NEXTGEAR CAPITAL, INC.          Case No. 1:14-cv-0648

and

P.A.R. SERVICES, INC.,

    Defendants.

_____/

## JOINT DISCOVERY PLAN

Come now the Plaintiff, Jodi C. Mahdavi, by Counsel, and Defendant NextGear Capital, Inc., by Counsel,[1] and pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, Local Civil Rule 26(a), and this Court's Order dated June 24, 2014, hereby jointly propose the following discovery plan:

1. On July 7, 2014, the parties conferred prior to the initial pretrial conference to consider the claims, defenses, possibilities of a prompt settlement or resolution of the case, trial before a Magistrate Judge, to arrange for the disclosures required by Rule 26(a)(1), and to develop a discovery plan which will complete discovery by November 14, 2014, with the following counsel participating:

    For Nextgear Capital, Inc:    Ashley W. Winsky
                                     Willcox & Savage, P.C.
                                     (757) 628-5551
                                     awinsky@wilsav.com

---

[1] Defendant, P.A.R. Services, Inc., through its President, was personally served with the Summons and Complaint on June 20, 2014, but has not made an appearance in the case. The parties have contacted the insurance adjuster for P.A.R. Services, and have provided a copy of this proposed joint discovery plan to the adjuster.

           James D. Bragdon
           Gallagher Eveliues & Jones LLP
           (410) 951-1416
           jbragdon@gejlaw.com

  For Jodi Mahdavi:  Jonathan E. Levine
           Levine, Daniels & Allnut, PLLC
           (703) 623-1577
           Jonathan.levine@levinedaniels.com

  2. The aforementioned parties agree with the proposed Discovery Plan described below.

  3. The parties will cooperate to schedule a settlement conference before a Magistrate Judge, or mediation before a private mediator, if, as the case proceeds, a settlement conference or mediation would appear to be beneficial.

  4. The parties consent to proceed before a United States Magistrate Judge.

  5. The parties will exchange Fed. R. Civ. P. 26(a)(1) disclosures by August 15, 2014.

  6. A party may not exceed five (5) non-party, non-expert witness depositions and may not serve on any other party more than thirty (30) interrogatories, including parts and subparts, without leave of Court.

  7. The plaintiff will serve disclosures of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) no later than September 15, 2014. The defendants will serve disclosures of expert testimony pursuant to Fed. R. Civ. P. 26(a)(2) no later than October 6, 2014. Plaintiff shall disclose rebuttal evidence pursuant to Fed. R. Civ. P. 26(a)(2) no later than November 3, 2014.

  8. The parties discussed discovery of electronically stored information ("ESI") and agreed that all requested electronic documents and ESI, shall be provided in either: (i) a physical document or a printout of the requested information in the form or manner permitted for printing by the applicable software application containing the information; or (ii) in a commonly used electronic format or other agreed upon electronic format.  Although it is not expected at this

time that production of ESI in native format will be required, the parties reserve the rights to request ESI or electronic documents in native format or with additional metadata if the need arises. Upon request, the responding party shall produce the native electronic file from which the producing party had obtained and produced physical documents or electronic files in a non-native format.

9. The parties will confer on the terms of an appropriate protective order that may be deemed necessary to protect any confidential or proprietary information that may be exchanged during the course of discovery. The parties shall file the appropriate motion with the Court for approval of same should it become necessary.

10. The parties agree that interrogatories, requests for admissions, and requests for documents must be served no later than August 29, 2014 to be subject to a motion to compel, and no later than October 15, 2014 to warrant a response.

11. The parties agree that the deadline for deposition notices is November 3, 2014.

12. The parties will electronically file Fed. R. Civ. P. 26(a)(3) disclosures, exhibit lists, witness lists, and a written stipulation of uncontested facts on or before the final pretrial conference. The exhibits themselves or a copy should be exchanged with opposing counsel before the conference.

13. Objections to exhibits must be filed within 10 days after the final pretrial conference.

14. Claim of Privilege or Protection of Trial Preparation Materials: To the extent the parties withhold information or documents on the ground of privilege or on the ground that it is protected trial preparation material, at the time of such withholding, they shall make the claim expressly, describe the nature of the documents, communications, or things not produced by: identifying the author of the information or documents; identifying the recipient of the

information or documents; identifying each person who received a copy or blind copy of the information or documents; and stating the basis of the alleged privilege or work-product immunity. The parties are not required to provide such information for any privileged documents or trial preparation materials prepared by, or delivered to, in-house or outside counsel following the date this action was filed in this Court.

15. Inadvertant Disclosures of Privileged Materials: In the event a party inadvertently discloses any document or information subject to a claim of attorney–client privilege or work product and trial preparation materials privilege within the meaning of Federal Rule of Civil Procedure 26(b)(3), upon notice by the inadvertently disclosing party, all other parties shall return all identified documents in whatever form disclosed, and shall make no further use of them except by agreement of the parties or order of Court. Inadvertent disclosure shall not be deemed a waiver of the claim of privilege as between the parties or as to any third party.

16. Preservation of Discoverable Materials: The parties have confirmed that they are taking all reasonable steps necessary to preserve all discoverable material.

17. The parties have discussed all other items required to be discussed by Rule 26(f).

   /s/ Jonathan E. Levine_____
Jonathan E. Levine, Esquire (Virginia Bar ID 45572)
LEVINE, DANIELS & ALLNUTT, PLLC
Heritage Square
5311 Lee Highway
Arlington, Virginia 22207
Telephone: (703) 525-2668
Facsimile: (703) 525-8393
jonathan.levine@levinedaniels.com
*Counsel for the Plaintiff, Jodi C. Mahdavi*


   /s/ Ashley W. Winsky (by JEL per authorization given on 7/8/14)
Ashley W. Winsky, Esquire (Virginia Bar ID No. 79224)
WILLCOX & SAVAGE, P.C.
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
Telephone: (757) 628-5500
Facsimile: (757) 628-5566
awinsky@wilsav.com
*Co-Counsel for Defendant, NextGear Capital, Inc.*

   /s/ James D. Bragdon (by JEL per authorization given on 7/8/14)
James D. Bragdon, Esquire (Virginia Bar ID No. 83681) (*Admitted Pro Hac Vice*)
GALLAGHER, EVELIUS & JONES, LLP
218 N. Charles Street, Suite 400
Baltimore, Maryland 21201
Telephone: (410) 951-1416
Facsimile: (410) 468-2786
jbragdon@gejlaw.com
*Co-Counsel for Defendant, NextGear Capital, Inc.*