MAILING ADDRESS
P.O. BOX 1432
ALEXANDRIA, VIRGINIA
22313-2032

# Pentagon Federal Credit Union

## TRUTH IN LENDING DISCLOSURE

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments |
|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. |
| 2.49 % | $ 4,299.67 (E) | $ 64,941.70 | $ 69,241.37 (E) |

(E) = ESTIMATE

Date of Loan: 4/16/2014   Member Number: 3547748
Account Number: ▮▮▮▮-81-3
USED VEHICLE LOAN

Your Payment Schedule will be:

| No. of payments | Amount of payment $ | When payments are due. | Beginning |
|---|---|---|---|
| 59 | 1,154.03 | 7th OF THE MONTH | 6/7/2014 |
| 1 | 1,153.60 | 05/07/2019 | |

You have the right to receive at this time an itemization of the Amount Financed.
☐ I want an itemization.

JODI C MAHDAVI
915 FAIRWAY DR
VIENNA VA 22180

**LATE CHARGE:** If a payment is 5 days or more late, you will be charged 20% of the finance charge due with a minimum charge of $5 and a maximum charge of $25.
**PREPAYMENTS:** If you pay off early, you will not have to pay a penalty.
**CONTRACT DOCUMENTS:** See your contract documents for any additional information about non-payment, default and penalties.

CREDIT INSURANCE
Credit Life or Credit Disability Insurance are NOT required to obtain credit, and will not be provided unless you complete and return the insurance application form(s) and SIGN below and pay the premium. Maximum term of insurance benefits is 120 months.

Credit Life         $ 0.00
Joint Credit Life   $ 0.00
Disability          $ 0.00

Collateral securing other loans with the credit union may also secure this loan.
Security: You are giving a security interest in
your 2013 automobile/property when marked here [X]

Property Description:
BMW 6 SERIES
WBA6B4C53DD097953

X _____
SIGN HERE FOR CREDIT INSURANCE

## PROMISSORY NOTE

In this Promissory Note the words "I", "me", "my" and "we" mean each person who signed the Note as maker, guarantor or borrower. The words "you" and "your" mean the Pentagon Federal Credit Union or any holder of this Note.
I promise to pay Pentagon Federal Credit Union or holder the amount financed stated above on the terms and at the rate stated.
RESPONSIBILITY. This Promissory Note covers my loan with you. When I sign my name below I accept the terms of this loan. Anyone else who signs as maker, guarantor or borrower also accepts the terms of this loan and will be responsible the same way I am.
REPAYMENT. I will make payments to you as stated above, which will include the amount you loan me, finance charge and insurance if applicable until the full amount has been paid. I understand that payments by mail will be posted to my loan as of the day you receive them. Though I need pay only the amount of the fixed payments, I understand I have the right to repay my loan in full at any time and you will not charge any penalty for prepayment. I will pay finance charge only to the date I repay my loan. You or I can cancel this promissory note at any time before the loan is paid to me. You can accept late payments or partial payments or payments marked "paid in full" without losing any of your rights under this Note. You may disclose information to third parties, such as credit bureaus and merchants, about my account in order to advise such third parties of the existence or condition of my account.
ACH AUTHORIZATION. If indicated on my loan application my intent to pay my loan by ACH transfer, I authorize PenFed to debit the financial institution as stated on my loan application for my loan payment on the payment due date as stated above. I may revoke this authorization, orally, by contacting Pentagon Federal at least 3 days prior to my scheduled payment date.
CREDIT LIFE/DISABILITY INSURANCE. The purchase of credit life or disability insurance is NOT required by you as a condition of approving my application or extending credit to me. If I do purchase this insurance, I may cancel it at any time by notifying you in writing. I understand I may rescind this insurance within 30 days after the date I receive the Certificate of Insurance. If I rescind, any premiums paid will be credited to my loan. If I have requested joint credit life only the Member-Borrower and first named Joint Borrower/Guarantor signing below are insured. If disability insurance is requested only the Member-Borrower is insured. Terms of my insurance coverage are governed by the Certificate of Insurance issued by the Insurer. If insurance is added after the Date of Loan, I agree that at PenFed's option, the Amount of Payment will change or the Number of Payments will increase. If I have requested this insurance and I am eligible, you will obtain insurance of the life of the Insured for the term of the loan. Premiums accrue on a daily basis and are deducted from my loan payments. The premium, method of calculation or assessment are subject to change. If these insurance terms change you will provide written notice before the change goes into effect. I understand that only the Member-Borrower is eligible for disability insurance and only if I am working for wages or profit 25 hours a week or more and for 30 days prior to purchasing disability insurance.
☐ Balloon payment/residual value. If an X shows in this box my loan has a balloon payment which is due and payable as stated above in the box 'Amount of Payment'. This means my loan payments will not fully amortize this loan. My payment schedule and the balloon payment are based on the estimated residual value of the vehicle securing this loan as determined by PenFed. The residual value of the vehicle is an estimate only and may vary substantially from its actual value at the end of this loan.
FINANCE CHARGE CALCULATION. Finance Charges are calculated as follows: The ANNUAL PERCENTAGE RATE, as stated above, is divided by 365 (days). This figure is then divided by 100 to obtain a daily periodic rate. The daily periodic rate is multiplied by the loan balance. This is the daily finance charge. The daily finance charge is multiplied by the number of days since my last loan payment. This is the amount of FINANCE CHARGE, which will be deducted from my loan payment and the remaining amount will be applied to the loan balance, insurance, and fees. If I make payments prior to their due date, the FINANCE CHARGE will be less than stated above, since finance charge is applied on a daily basis. I understand payments made after the due date will increase the total amount of FINANCE CHARGES. I also understand my actual Total of Payments may be different than stated above since Finance Charge and optional Credit Insurance, Mechanical Breakdown Insurance, and Guaranteed Asset Protection are accrued on a daily basis, which means the dates my payments are actually received and future and/or additional purchase(s) of insurance and/or protection will determine the total amount I actually pay. Finance Charges begin from the Date of Loan and continue until the loan is paid in full.
SECURITY/POWER OF ATTORNEY/CONSENT. IF NOTED ABOVE, THE PROPERTY DESCRIBED ABOVE SECURES THIS LOAN AND THE OWNER(S) SIGNING BELOW GIVES YOU A SECURITY INTEREST IN THAT PROPERTY, AND AGREES TO ABIDE BY THE ADDITIONAL TERMS AND PROVISIONS OF THE SECURITY AGREEMENT SET FORTH ON THE REVERSE SIDE, ALL OF WHICH ARE INCORPORATED INTO AND MADE A PART OF THIS PROMISSORY NOTE BY REFERENCE. To protect you if I default on this loan I pledge all my shares, deposits, payments and dividends which may be received, whether held jointly or individually, up to the amount of my loan balance. This does not include my Individual Retirement Account. You may take all shares needed by you to repay my loan. If it is necessary to take all my shares for the payment of this note I understand my membership in the credit union may end. I agree that PenFed has the right pursuant to its statutory lien and further, I give my express consent to enable PenFed to charge against any balance in any of my PenFed accounts, including accounts on which I am a joint owner, to include any otherwise statutorily protected funds that may not otherwise be available by legal process, to liquidate any PenFed indebtedness or other outstanding financial obligation owed by me or any person who is listed as a joint owner on my accounts, including a deceased joint owner. PenFed may take such action without further notice to me or any joint owner. In regard to those funds that have a statutory protection I understand that I may withdraw my express consent for PenFed to apply such funds to pay any such indebtedness by notifying PenFed in writing. If my consent is withdrawn, PenFed may in its sole discretion terminate any and all services that I have with the credit union.
DEFAULT. I will be in default if I fail to pay any installment on time, if I become insolvent or file bankruptcy, I die or become incompetent, if a judgment or tax lien is filed against me or an attachment or garnishment should be issued against any of my property including any of my accounts with you, if you in good faith consider yourself or my obligations or my ability to repay or perform my obligations with you unsafe or unsecure, or fail to live up to any of my other agreements with you. Subject to law, if I default on this note you can demand immediate payment of the remaining balance due on this note without giving anyone notice. You may also use any of your other legal rights. If my payment is 5 days or more late I will be charged a late charge of 20 percent of the finance charge due but no less than $5 nor more than $25 for each late payment. If my payment is not honored or you must return it to me because it could not be processed, a charge will be made to my account in the amount indicated for "Returned Payment Check" on your current schedule of service fees. Copies of the fee schedule are available by mail, at any branch office or online at www.PenFed.org. If you sue me because I default, I waive my right to be tried by a jury.(Continued on reverse)

X _[signature]_____   X _____
Member-Borrower        Sign Here           Owner of Collateral Other than Borrower(s)       Sign Here

X _____              I agree that any ownership interest I have in the collateral described above is subject to the
Joint Borrower/Guarantor   Sign Here       provision of the Security Agreement on the reverse. I have no responsibility for payment of this loan.

Form 224 (6/13) © Pentagon Federal Credit Union, 2013.     SEE REVERSE FOR SECURITY AGREEMENT

**MAHDAVI 000010**
**MEMBER'S COPY**   OVER PLEASE

COLLECTION COSTS. If I am in default under this note I agree to pay all costs of collection, including your reasonable attorney's fee and court costs, in an amount not more than 25 percent of the principal and finance charge due on the note, or an amount in compliance with the laws of the state of residence when borrowed.

GUARANTORS. If I am signing this note as a guarantor, I agree to be equally responsible with the borrower. You do not have to notify me that this note has not been paid. You can change the terms of payment and release any security without releasing me from responsibility on this note.

DELAY IN ENFORCEMENT. You can delay enforcing any of your rights under this note without losing them.

ADDITIONS/DELETION. No change, addition, erasure, deletion or cross through of any printed portion of this document shall be valid or binding on PenFed.

RECEIPT. I have received a copy of this disclosure and note.

SECURITY AGREEMENT (FINANCING STATEMENT) If collateral is pledged please read.

In this Security Agreement the words, "I", "me", "my", and "we" mean each person who signed the Promissory Note and addendum if applicable, as borrower, joint borrower/guarantor or owner of collateral other than borrower, even if one or more of the signers is not contractually responsible for repayment of the Promissory note on the reverse side. "You" and "your" mean PenFed or any holder of the said Promissory Note.

SECURITY INTEREST. I give you a security interest in my property which is described on the reverse side of this Security Agreement. By granting you a security interest in this property I provide you with security for payment and performance of my duty to you which is described in the Promissory Note on the front.

COLLATERAL. Any of my property covered by your security interest is called "collateral." Any additions and replacements to the property, or any money or property from the sale of the property are also part of the collateral. The collateral is used primarily for personal/business, family or household purposes. I ____ am ____ am not using money you are lending me to buy the collateral. If I am using the money you are lending me to buy the collateral, you will have what is called a "purchase money security interest" in the collateral. This will give you more protection against others who might claim the collateral is theirs. You may pay the proceeds of this note directly to the seller of the collateral or jointly to me and the seller.

SECURITY FOR OTHER OBLIGATIONS. Except as to any collateral I use as my principal dwelling, the security interest created by this Security Agreement and Promissory Note shall also secure all of my other indebtedness, obligations, and liabilities to you, now existing or hereafter arising, including future advances, if any. If I have given you a security interest in any personal property used or purchased with the loan proceeds under this Promissory Note/Security Agreement for use as my principal dwelling (such as a mobile home or boat), this confirms that you have waived your security interest in such principal dwelling with respect to all existing and subsequent debts I may owe you or transactions I may subsequently enter into with you. Funds pledged for a Share Secured loan will be placed on hold in the Share account as collateral against the loan and may not be withdrawn until the loan is paid in full.

OWNERSHIP AND PROTECTION OF RIGHTS IN COLLATERAL. I own the collateral and no one else has any interest in it or claim against it. I agree not to sell, lease, or convey it as security to anyone else until I have obtained your written permission to do so or have repaid the loan in full. I agree to help you do all that is necessary to protect your security interest in the collateral. As such, I agree to apply for and provide you with a Certificate of Title or any other document constituting proof of ownership of the collateral and your interest in it. I further agree to furnish you with such information and execute and deliver such documents and take any and all action necessary and appropriate to establish, perfect and maintain your valid and prior security interest and lien in the collateral. I will be responsible for the cost of recordation. IF I FAIL TO TAKE THE ACTIONS I HAVE AGREED TO IN THIS SECTION WITHIN 150 DAYS OF THE DATE OF THE LOAN, I SHALL BE IN DEFAULT AND IN ADDITION TO THE REMEDIES OTHERWISE AVAILABLE TO YOU, I AGREE THAT YOU MAY, AT YOUR OPTION, INCREASE THE ANNUAL PERCENTAGE RATE I PAY ON THE LOAN TO THE HIGHEST RATE THEN IN EFFECT ON YOUR CLOSED END UNSECURED LOANS. THIS WILL INCREASE THE MONTHLY PAYMENT DUE ON THE LOAN.

If the security for this loan is an automobile which was purchased outside of the U.S. and the vehicle is later shipped to the U.S. it will meet U.S. specifications and I agree to title the vehicle with the appropriate state agency and have PenFed registered as Lienholder on the title.

I understand and agree that if I use a share certificate as collateral, I cannot withdraw any dividends from the share certificate. If approved by PenFed, I can use 95% of the unencumbered principal amount of each share certificate as collateral for a loan.

USE OF THE COLLATERAL. While any part of my loan is unpaid, I promise: To use the collateral carefully and keep it in good repair; To obtain your written permission before making any major alterations; To notify you before changing my address or the address where the collateral is kept; To help you protect the rights I have given you; Not to use or permit anyone to use the collateral for any unlawful purposes; To permit you to inspect the collateral at reasonable times.

PROPERTY INSURANCE AND TAXES. I will keep the collateral insured for its full value against loss and damage with an insurance company that you accept. The policies must say that you are to be paid what you are owed if there is a loss. I will deliver the policies to you, if you request. If the collateral is lost or damaged, you can use the insurance proceeds to replace or repair it, or to repay any amounts I owe you. I will pay all taxes and fees on the collateral. You can pay any tax or fee if I don't (although you do not have to). If you do pay for insurance, taxes or fees, I will repay you with interest at the rate stated on the reverse side.

Unless I provide you with evidence of insurance coverage required by my promissory note/security agreement with you, you may purchase limited comprehensive and collision insurance at my expense to protect your interest in my collateral. This insurance may, but need not, also protect my interest. If the collateral becomes damaged, the coverage that you purchase may not pay any claim that we make or any claim that is made against me in connection with the collateral. I may later cancel any insurance purchased by you, but only after providing you with the evidence that I have obtained acceptable insurance coverage elsewhere as required by my promissory note/security agreement with you. If you purchase insurance for the collateral, I will be responsible for the costs of that insurance, including the insurance premium, finance charges and any other charges, including tracking and administrative costs and commissions, you may impose in connection with the placement of the insurance, until the effective date of the cancellation or expiration of the insurance. The effective date of coverage may be the date my prior coverage lapsed or the date I failed to provide proof of acceptable insurance. The costs of the insurance, and finance charge thereon, will be added to my total outstanding balance and the number and/or amount of my periodic payments will be increased to cover such premium charges. If the cost of the insurance or any other charges imposed in connection with the placement of the insurance are added to my outstanding balance, the finance charge on my underlying promissory note/security agreement with you will apply to these added amounts. The costs of the insurance may be considerably more than the cost of insurance I may be able to obtain on my own. The coverage will not be liability insurance and will not satisfy any need for the property damage liability coverage or my obligations under any state's mandatory liability, financial responsibility or no fault laws. A claim settlement will never exceed the lesser of: (a) the net amount I owe on this loan, (b) the actual cash value of the collateral at the time of loss (unless this loss settlement limit is deleted by loss settlement without actual cash value coverage), (c) the cost of repair or replacement of the collateral, or (d) the maximum limit of coverage.

ENTIRE BALANCE DUE. I agree that without giving me any advance notice, you can require me to pay the unpaid balance of my loan at once if I break any promise made under this security agreement or am in default of this Promissory Note or Security Agreement.

DEFAULT AND REPOSSESSION. I will be in default: If I don't make a payment when due; If I break any promise I have made to you or do not fulfill the terms and conditions in this agreement; If I become insolvent or file bankruptcy; If a lien is put on the collateral without your permission, or if the collateral is confiscated; If the collateral is misused, or in danger of losing too much value; If I do anything that reduces my ability or willingness to repay; If I die or become incompetent; If my insurance is cancelled; If a judgement or tax lien is filed against me or an attachment or garnishment should be issued against any of my property including any of my accounts with you; If you in good faith consider yourself or my obligations or my ability to repay or perform my obligations with you unsafe or unsecure.

POWER OF ATTORNEY. I appoint PenFed's Assistant Treasurer or other signatory duly employed and authorized by PenFed attorney-in-fact to do all acts and things which PenFed may deem necessary to perfect and continue perfected the security interest created by this security agreement and to protect the collateral and to request a duplicate title.

POWER OF ATTORNEY TO SIGN FOR OWNER WHEN REGISTERING AND/OR TRANSFERRING OWNERSHIP OF A MOTOR VEHICLE. I, being the owner of the motor vehicle described in this Promissory Note/Security Agreement, appoint Pentagon Federal Credit Union or other signatory duly employed and authorized by PenFed attorney-in-fact to sign my name to any Certificate of Title, or other supporting papers, covering the motor vehicle, in any manner necessary to register and/or transfer ownership of the motor vehicle; additionally I appoint Pentagon Federal Credit Union or other signatory duly employed and authorized by PenFed as attorney-in-fact to perform any other acts necessary to register or transfer title to the vehicle described in this Security Agreement; or to request and receive a certified title or other similar document for this vehicle.

MONEY ADVANCED. If I fail to do anything I have promised to do in this agreement you may do it and any money spent for this purpose shall be added to my loan with interest at the rate stated on the reverse side.

TAKING POSSESSION OF THE COLLATERAL. If I am in default you can take the collateral. I will deliver the collateral to you at a time and place you choose. If I don't or if you wish, you can take the collateral without giving me advance notice. If you take the collateral you will not be responsible for any of my property that is not covered by this agreement that I leave inside the collateral, but you will try to return it to me. After you have taken the collateral, you can sell it and apply the proceeds to the unpaid balance of my loan. You will give me at least 10 days notice of any public sale or the date after which you will be free to have a private sale. I will have to pay the costs you incur in taking and selling the collateral, court costs and reasonable attorney's fees. If the money from the sale is not enough to pay you the unpaid balance of the loan and any interest I owe you, and to reimburse you for these expenses, I still will have to pay the difference. I am entitled to any money left over if the money from the sale is more than I owe. You also have all the rights and remedies regarding taking possession, keeping and sale of the collateral and use of the money as are permitted by the Uniform Commercial Code. Louisiana law permits repossession of motor vehicles without judicial process.

FINANCING STATEMENT. You are authorized to file Financing Statements as required and I will pay the cost.
NO WAIVER. Because you excuse one default by me does not mean later defaults will be excused.
EFFECTIVE DATE. This Security Agreement becomes effective on the date shown on the front side and when signed by me.

I have read this agreement and received a copy. I understand it contains all my rights and responsibilities. No oral statements can change it. All changes must be approved by you in writing. My heirs and legal representatives will also be responsible under this agreement.

PENTAGON FEDERAL CREDIT UNION

By _____
Authorized Signature

Form 224 (7/13)

MAHDAVI 000011