IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

JODI C. MAHDAVI,

    Plaintiff

v.

NEXTGEAR CAPITAL, INC.                Case No. 1:14-cv-0648- TCB

and

P.A.R. SERVICES, INC.,

    Defendants.
                                  /

## JONATHAN E. LEVINE'S REPLY TO MAHDAVI'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL

    COMES NOW, Jonathan E. Levine, Esquire, Counsel for the Plaintiff, Jodi C. Mahdavi ("Mrs. Mahdavi"), pursuant to Local Rule 83.1(G) and Va. R. Prof. Conduct 1.16, and for his reply to Mrs. Mahdavi's opposition to his motion to withdrawal as counsel of record for Mrs. Mahdavi, respectfully states as follows:

    The primary reason Mr. Levine seeks to withdraw as Counsel for Mrs. Mahdavi is due to the financial hardship presented by his continued involvement in this case without compensation. Mr. Levine purchased his former law firm in June 2012. Mr. Levine took out a bank loan payable over five years to finance a down payment of the purchase, and gave a promissory note to the seller for the remaining purchase price, payable over ten years. The law firm became Levine, Daniels & Allnutt, PLLC (the "Firm").

    At that time and until May 2013, the Firm employed six attorneys, four administrative staff, and two law clerks. Due to a decline in case load, however, the Firm presently employs four attorneys, two administrative staff members, and one part-time law clerk. The decline in

1

case load coupled with one of the attorneys taking extended family leave resulted in a substantial decline in revenue in 2014. Mr. Levine's monthly expenses average over $85,000.00 for payroll, rent, payment for the business purchase, utilities, and other regular business expenses. The Firm was not profitable in 2014, with a net loss of nearly $46,931.03, and has been required to use savings to meet the Firm's monthly expense obligations. Continuing to represent Mrs. Mahdavi in this matter without being paid threatens the very existence of the Firm.

The Firm began its representation of Mrs. Mahdavi on May 28, 2014. Mrs. Mahdavi and the Firm signed an engagement letter detailing the scope of the Firm's representation and the hourly rate for professionals and expense schedule.[1] At the commencement of the representation, in an effort to prevent the imminent sale of the BMW that is the subject of the instant litigation between Mrs. Mahdavi, NextGear, Inc. ("NextGear") and P.A.R. Services, Inc. ("P.A.R. Services"), the Firm prepared and filed an emergency motion for a temporary restraining order, a motion for a preliminary injunction and a complaint in the Circuit Court for Fairfax County, and appeared at a Calendar Control hearing in the Fairfax Circuit Court on the emergency motion for a temporary restraining order, which hearing was subsequently continued. NextGear then removed the state court action to this Court. In this Court the Firm has appeared at a hearing on Mrs. Mahdavi's motion for preliminary injunction and two pre-trial conferences, participated in discovery with two Defendants, including depositions of both of the Defendants, defended Mrs. Mahdavi's deposition, and has responded to Defendants' respective Motions for Summary Judgment.

---

[1] Mr. Levine is reluctant to disclose at this time the engagement letter or other communications he has had with Mrs. Mahdavi, other than responding to her express statements made in her opposition as he is unclear whether doing so would violate Rule 1.6 of the Virginia Rules of Professional Conduct relating to attorney-client privileged communications.

In the course of the Firm's representation since May 2014, Mr. Levine has spent over fifty hours on this matter, his Associate Attorney, Nicole Winters-Brown, has spent more than 250 hours on this matter, and his law clerk has spent more than thirty hours on this matter. The Firm has incurred more than $2,570.00 in expenses, including expenses for court reporters and deposition transcripts. Mr. Levine anticipates he will spend at least an additional fifty hours on this matter in preparing for and attending the hearing on Defendants' respective Motions for Summary Judgment and preparing for and attending the two-day jury trial. Mr. Levine anticipates that his Associate Attorney will also spend at least another fifty hours in assisting Mr. Levine in this matter through the end of the trial, including trial attendance. Mr. Levine anticipates that his law clerk will spend at least twenty-five hours in assisting Mr. Levine in this matter through the end of the trial, including the preparation of exhibits, briefs and other matters for trial.

Mrs. Mahdavi admits in her opposition to the instant motion that she has not paid her legal fees in full. For the first time to Mr. Levine, she claims his legal fees are unreasonable. The reasonableness of the Firm's bills is not an issue before the Court on the instant motion, but Mr. Levine stands by his work in this case and his bills are reasonable. What is at issue is the hardship incurred by the Firm due to the fact that Mrs. Mahdavi has not paid as agreed and has made it clear from her opposition that she does not intend to pay her legal fees to the Firm.

Mr. Levine denies Mrs. Mahdavi's claim that she "would not be responsible for monthly billing on a current bases [sic] And [sic] that he would look to recoup his fees from the defendants at the conclusion of the case." Mr. Levine informed Mrs. Mahdavi in September 2014 that the Firm could not afford to continue its representation of her without an agreement on a payment plan and would have to withdraw in absence of a payment plan. Mrs. Mahdavi has

made sporadic monthly payments on her own to the Firm but her first invoice is still not paid in full.  Mr. Levine denies telling Mrs. Mahdavi that she would not be responsible for the bills or that he would recoup his fees from the Defendants at the conclusion of the case.  His agreement with Mrs. Mahdavi is to be paid hourly and not on a contingency basis.  *See*, Exhibit 1, Affidavit of Jonathan E. Levine.

Mrs. Mahdavi is the Plaintiff in this civil matter.  She is not a criminal defendant or a corporation who must be represented by Counsel.  She can proceed *Pro Se* if she is unable to procure new counsel.  The mere non-payment of fees alone is typically insufficient to warrant withdrawal by an attorney.  *United States S.E.C. v. Woodard*, 2014 U.S. Dist. LEXIS 35417 (E.D. Va. Feb. 19, 2014).  However, the hardship presented to the Firm by its continued representation of Mrs. Mahdavi without payment should warrant Mr. Levine's withdrawal.

WHEREFORE, based on the foregoing, Jonathan E. Levine, Esquire, respectfully requests an order permitting him to withdraw as counsel of record for Mrs. Mahdavi.

Dated: February 12, 2015

Respectfully submitted,

Jonathan E. Levine, Esquire
LEVINE, DANIELS & ALLNUTT PLLC
Heritage Square
5311 Lee Highway
Arlington, Virginia  22207
Telephone:  (703) 525-2668
Facsimile:  (703) 525-8393
jonathan.levine@levinedaniels.com

By   /s/ Jonathan E. Levine
    Jonathan E. Levine, Esquire
    VA Bar ID 45572
    *Counsel for the Plaintiff*

...
...
...

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 12th day of February, 2015, a true and correct copy of the foregoing Reply was delivered to the following via CM/ECF: James Bragdon, Esquire, GALLAGHER, EVELIUS & JONES, LLP, 218 N. Charles Street, Suite 400, Baltimore, Maryland 21201, *Co-Counsel for Defendant, NextGear Capital, Inc.*; Ashley W. Winsky, Esquire, MCGUIREWOODS, LLP, 310 Fourth Street, N.E., Suite 300, Charlottesville, Virginia 22902, *Co-Counsel for Defendant, NextGear Capital, Inc.*; and James N. Markels, JACKSON & CAMPBELL, P.C., 1120 20th Street, N.W., South Tower, Third Floor, Washington, D.C. 20036, *Counsel for Defendant, P.A.R. Services, Inc.*, and to Jodi C. Mahdavi via electronic mail and certified mail (#7010 3090 0002 9279 0931) at her last known address of 915 Fairway Drive, Vienna, Virginia 22180.

      By    /s/ Jonathan E. Levine
           Jonathan E. Levine, Esquire