IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

JODI C. MAHDAVI,

    Plaintiff

v.

NEXTGEAR CAPITAL, INC., *et. al*      Case No. 1:14-cv-0648- TCB

    Defendants.

_____/

## *AFFIDAVIT*

After being duly sworn, the undersigned affiant, Jonathan E. Levine, states under oath that:

1. He is over the age of eighteen and is an attorney in good standing and licensed to practice in the Commonwealth of Virginia.

2. The primary reason Mr. Levine seeks to withdraw as Counsel for Mrs. Mahdavi is due to the financial hardship presented by his continued involvement in this case without compensation.

3. Mr. Levine purchased his former law firm in June 2012. Mr. Levine took out a bank loan payable over five years to finance a down payment of the purchase, and gave a promissory note to the seller for the remaining purchase price, payable over ten years. The law firm became Levine, Daniels & Allnutt, PLLC (the "Firm").

4. At that time and until May 2013, the Firm employed six attorneys, four administrative staff, and two law clerks.

5. Due to a decline in case load, however, the Firm presently employs four attorneys, two administrative staff members, and one part-time law clerk.

6. The decline in case load coupled with one of the attorneys taking extended family leave resulted in a substantial decline in revenue in 2014.

7. The Firm's monthly expenses average approximately $85,000.00 for payroll, rent, payment for the business purchase, utilities, and other regular business expenses. The Firm was not profitable in 2014, with a net loss of nearly $46,931.03, and has been required to use savings to meet the Firm's monthly expense obligations.

8. Continuing to represent Mrs. Mahdavi in this matter without being paid threatens the very existence of the Firm.

9. The Firm began its representation of Mrs. Mahdavi on May 28, 2014. Mrs. Mahdavi and the Firm signed an engagement letter detailing the scope of the Firm's representation and the hourly rate for professionals and expense schedule.

10. Mr. Levine's hourly rate is $350.00 per hour, his Associate's hourly rate is $250.00 per hour, and his law clerk's hourly rate is $100.00 per hour.

11. At the commencement of the representation, in an effort to prevent the imminent sale of the BMW that is the subject of the instant litigation between Mrs. Mahdavi, NextGear, Inc. ("NextGear") and P.A.R. Services, Inc. ("P.A.R. Services"), the Firm prepared and filed an emergency motion for a temporary restraining order, a motion for a preliminary injunction and a complaint in the Circuit Court for Fairfax County, and appeared at a Calendar Control hearing in the Fairfax Circuit Court on the emergency motion for a temporary restraining order, which hearing was subsequently continued. NextGear then removed the state court action to this Court. In this Court the Firm has appeared at a hearing on Mrs. Mahdavi's motion for preliminary injunction and two pre-trial conferences, participated in discovery with two Defendants,

including depositions of both of the Defendants, defended Mrs. Mahdavi's deposition, and has responded to Defendants' respective Motions for Summary Judgment.

12. In the course of the Firm's representation since May 2014, Mr. Levine has spent over fifty hours on this matter, his Associate Attorney, Nicole Winters-Brown, has spent more than 250 hours on this matter, and his law clerk has spent more than thirty hours on this matter. The Firm has incurred more than $2,570.00 in expenses, including expenses for court reporters and deposition transcripts.

13. Mr. Levine anticipates he will spend at least an additional fifty hours on this matter in preparing for and attending the hearing on Defendants' respective Motions for Summary Judgment and preparing for and attending the two-day jury trial. Mr. Levine anticipates that his Associate Attorney will also spend at least another fifty hours in assisting Mr. Levine in this matter through the end of the trial, including trial attendance. Mr. Levine anticipates that his law clerk will spend at least twenty-five hours in assisting Mr. Levine in this matter through the end of the trial, including the preparation of exhibits, briefs and other matters for trial.

14. Mr. Levine denies Mrs. Mahdavi's claim that she "would not be responsible for monthly billing on a current bases [six] And [sic] that he would look to recoup his fees from the defendants at the conclusion of the case."

15. Mr. Levine informed Mrs. Mahdavi in September 2014 that the Firm could not afford to continue its representation of her without an agreement on a payment plan and would have to withdraw in absence of a payment plan. Mrs. Mahdavi has made sporadic monthly payments on her own to the Firm but her first invoice is still not paid in full.

16. Mr. Levine denies telling Mrs. Mahdavi that she would not be responsible for the bills or that he would recoup his fees from the Defendants at the conclusion of the case. His agreement with Mrs. Mahdavi is to be paid hourly and not on a contingency basis.

17. The foregoing is true and correct to the best of my personal knowledge and belief.

_____
Jonathan E. Levine

COMMONWEALTH OF VIRGINIA,
COUNTY OF ARLINGTON, to-wit:

The foregoing affidavit was subscribed, sworn to, and acknowledged before me by Jonathan E. Levine, this 12th day of February 2015.

My Commission expires 1/31/2017
Registration No. 7572198

_____
Notary Public

[Notary Seal: ETHEL TOLENTINO CRUZ, NOTARY PUBLIC, COMMONWEALTH OF VIRGINIA, MY COMMISSION NUMBER 7572198]