UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| JODI C. MAHDAVI, )<br>    Plaintiff, )<br>)<br>v. )<br>)<br>NEXTGEAR CAPITAL, INC, et al., )<br>    Defendants. )<br>) | Civ. No. 1:14CV648 |

MEMORANDUM OPINION

This matter comes before the Court on NextGear's Motion for Summary Judgment (Dkt. 65) and Defendant P.A.R. Services, Inc.'s Amended Motion for Summary Judgment (Dkt. 68.) For the reasons described herein, NextGear's Motion for Summary Judgment is GRANTED as to Count III of the Complaint and DENIED as to Counts I and II. P.A.R. Services, Inc.'s' Motion is GRANTED.

I. **Background**

On May 29, 2014, Jodi Mahdavi ("plaintiff") filed a Complaint against defendants NextGear Capital, Inc. ("NextGear") and P.A.R. Services, Inc. ("PAR") in the Circuit Court of Fairfax County. ("Compl.")(Dkt. 1-1.) This Complaint alleged that PAR wrongfully repossessed plaintiff's car on behalf of NextGear. (Compl. ¶¶ 13, 22). Plaintiff seeks a declaratory judgment naming her the rightful owner of the vehicle (Count I), a permanent injunction preventing the defendants from selling

1

the vehicle at auction (Count II), and compensatory and punitive damages for trespass and conversion to plaintiff's personal property. (Id. at ¶¶ 29, 32, 45). The Complaint was removed to this Court by defendants on June 3, 2014. (Dkt. 1.) At the Final Pretrial Conference before Judge Ellis on November 20, 2014, all parties consented to the Exercise of Jurisdiction by a United States Magistrate and the case was referred to the undersigned. (Dkt. 48.) Motions for Summary Judgment were argued on March 20, 2015 and the undersigned took this matter under advisement. (Dkt. 76.)

## II. Standard of Review

Summary judgment is appropriate only if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986), Evans v. Techs. Applications & Serv., Co., 80 F.3d 954, 958-59 (4th Cir. 1996) (citations omitted). The moving party bears the initial burden of "informing the district court of the basis for its motion," and identifying the matter "it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex, 477 U.S. at 323.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. See Matsushita Elec. Indus. Co. v.

2

Zenith Radio Corp., 475 U.S. 574, 586-87 (1986); see also Ray Commc'ns, Inc. v. Clear Channel Commc'ns, Inc., 673 F.3d 294, 299 (4th Cir. 2012) (stating the opposing party must "come forward with specific facts showing that there is a genuine issue for trial.") (citations and internal quotations omitted). Importantly, the non-moving party must show more than some metaphysical doubt as to the material facts. "[T]he non-moving party 'may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial.'" Hughes v. Bedsole, 48 F.3d 1376, 1381 (4th Cir. 1995) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986)).

In reviewing the record on summary judgment, the Court "must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." Brock v. Entre Computer Ctrs., Inc., 933 F.2d 1253, 1259 (4th Cir. 1991) (citations omitted). "[A]t the summary judgment stage the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. Where there is conflicting evidence, the court must credit the evidence of both sides and acknowledge that there is a genuine issue of material fact that cannot be resolved by

3

summary judgment. See Tolan v. Cotton, 134 S. Ct. 1861, 1868-69 (2014) (stating that summary judgment is inappropriate where each side has put forward competent evidence that raises a dispute about a material fact).

### III. Analysis

#### A. Counts I and II as to Defendant NextGear

In her Complaint, plaintiff alleges that her vehicle, a 2013 BMW 650i Gran Coupe with vehicle identification number WBA6B4C53DD097953 (hereinafter the "BMW") was intentionally taken from her by PAR on behalf of NextGear. (Compl. ¶¶ 15-16.) In their Motion for Summary Judgment, NextGear claims that their perfected security interest in the BMW cannot be defeated by plaintiff as she is not a purchaser in the ordinary course of business. (Dkts. 65-66.) Essentially, NextGear's Motion asks that this Court find that Mrs. Mahdavi did not purchase her vehicle in the ordinary course of business and, therefore, does not have a superior interest to NextGear's in the vehicle.

Virginia has adopted the Uniform Commercial Code which states that:

> "Buyer in ordinary course of business" means a person that buys goods in good faith, without knowledge that the sale violates the rights of another person in the goods, and in the ordinary course from a person, other than a pawnbroker, in the business of selling goods of that kind. A person buys
> goods in the ordinary course if the sale to the person comports with the usual or customary

4

>     practices in the kind of business in which the
>     seller is engaged or with the seller's own usual
>     or customary practices.

Va. Code Ann. § 8.1A-201.

Courts have used a variety of factors to determine if someone is a buyer in the ordinary course of business including where the sale of a vehicle took place (Al Maroone Ford, Inc. v. Manheim Auto Auction, Inc., 208 A.2d 290, 293 (Pa. Super. Ct. 1965)), who holds the title to the vehicle (Genesee Reg'l v. Palumbo, 799 N.Y.S.2d 883, 887 (N.Y. Sup. Ct. 2005); but see Daniel v. Bank of Hayward, 425 N.W.2d 416, 421 (Wis. 1988)), whether a down payment has been made and the goods identified to the contract (Daniel, 425 N.W.2d at 417, 422-23), whether the purchaser had any knowledge of defects in the seller's title (Rawls Auto Auction Sales, Inc. v. Dick Herriman Ford, Inc., 690 F.2d 422, 428 (4th Cir. 1982), Marine Unlimited, Inc. v. Farnham Motor Co., Inc., et al., 49 Va. Cir. 321, 322-23 (Va. Cir. Ct. 1999)), whether licenses were obtained for the vehicles for personal use (First Nat'l Bank & Trust Co. of El Dorado v. Ford Motor Credit Co., 646 P.2d 1057, 1061-62 (Kan. 1982)), Bank of Illinois v. Dye 163 Ill.App.3d 1018, 1022 (App. Court Ill 1987)), and whether the purchaser had any knowledge that it might not be a buyer in the ordinary course (Fifth Third Bank of W. Ohio v. Chrysler Fin. Co., 2000 WL 1513923, at *6 (Ohio Ct. App. Oct. 13, 2000).

In this case, NexGear has presented evidence to support its contention that Mrs. Mahdavi is not a buyer in the ordinary course of business. This evidence includes that the test drive of the vehicle did not follow the standard procedure of most test drives (Mahdavi Dep. (Dkt. 66-8) 21:1-14), that the sale did not take place at the dealership (Id. at 21:14-22), that Mrs. Mahdavi did not negotiate the terms of the sale (Id. at 29:4-14), and that NextGear still holds an original title to the BMW (NextGear's Mem. Supp. Mot. Default J. (Dkt. 66) Ex. 4). However, plaintiff has also presented facts which could support a finding that Mrs. Mahdavi is a buyer in the ordinary course of business including a Retail Purchase Agreement for the BMW signed by Mrs. Mahdavi (Opposition to NextGear (Dkt. 74) Ex. 3), evidence of a $23,000 down payment for the vehicle as well as a loan with Pentagon Federal Credit Union for the remaining balance in Mrs. Mahdavi's name (Id. at Exs. 8, 6, 10-12), and a Maryland title for the BMW (Id. at Ex. 7). Additionally, plaintiff has provided no evidence that Mrs. Mahdavi had any actual knowledge of any fraud occurring at BW Auto which would have made her title suspect. The facts presented by NextGear as evidence of Mrs. Mahdavi's status have been sufficiently disputed by plaintiff to survive the summary judgment stage. Therefore, as to Counts I and II of plaintiff's complaint, NextGear's Motion for Summary Judgment is DENIED.

6

### B. Counts I and II as to Defendant PAR

While the facts are disputed as to NextGear's claim to the vehicle over the plaintiff's, the same cannot be said as to Defendant PAR's claim. Indeed, PAR makes no claim of interest in the vehicle. (PAR Mem. Supp. Mot. Default J. (Dkt. 69) 2.) PAR simply repossessed the vehicle on behalf of another party, and no longer has the vehicle in its possession. (Id. at 1-2.) Regardless of whether Mrs. Mahdavi was a buyer in the ordinary course or not, PAR makes no claim to the vehicle. Therefore, a declaratory judgment naming Mrs. Mahdavi the proper owner would have no impact on PAR and an injunction against PAR would be inappropriate. For these reasons, PAR's Amended Motion for Summary Judgment as to Counts I and II is GRANTED.

### C. Count III

Plaintiff alleges Trespass and Conversion by both parties when her car was repossessed by PAR on behalf of NextGear.

The undisputed facts related to the repossession are as follows: PAR went to Mrs. Mahdavi's home address at 1:00am on May 21, 2014, they hooked the BMW up to the tow truck thereby gaining dominion and control over the car, the PAR agent knocked on the front door of Mrs. Mahdavi's residence and asked Mrs. Mahdavi for the keys. When Mrs. Mahdavi refused to give the agents her keys and told them to leave, the PAR agents left the property. (Mahdavi Dep. 45:14-46:3, 72:13-73:5.)

7

A trespass to chattels "occurs when one party intentionally uses or intermeddles with personal property in rightful possession of another without authorization." America Online, Inc. v. IMS, 24 F. Supp. 2d 548, 550 (E.D. Va. 1998). Conversion, also an intentional tort, is "the wrongful assumption or exercise of the right of ownership over goods or chattels belonging to another in denial of or inconsistent with the owner's rights." Economopoulos v. Kolaitis, 528 S.E.2d 714, 719 (Va. 2000).

The UCC of Virginia states that upon default, a secured party may "take possession of the collateral… if it proceeds without breach of the peace." Va. Code. Ann. § 8.9A-609. Essentially, an intentional tort claim will fail in a repossession case absent force, threats, violence, or some other breach of the peace. Wallace v. Chrysler Credit Corp., 743 F. Supp. 1228, 1232-33 (W.D. Va. 1990).

Nothing in the undisputed set of facts constitutes a breach of the peace. The facts show that the PAR agents did not use any force, violence, threats or fraud to obtain control over the vehicle. Mrs. Mahdavi's refusal to hand over her keys does not indicate that the peace was broken. See Wallace, 743 F. Supp. At 1233 ("Once a creditor has gained sufficient dominion over his collateral, objection by the debtor will be of no avail."). NextGear claims a valid interest in the BMW and PAR acted on

NextGear's behalf; at the time of the repossession, neither party was aware that Mrs. Mahdavi claimed any interest in the vehicle. (Freeman Dep. (Dkt. 65-3) 43:10-17.) Therefore, there was no intentional taking of Mrs. Mahdavi's property. The repossession of the BMW did not constitute any trespass or conversion.

Mrs. Mahdavi has also alleged that she had personal property in her vehicle when it was repossessed that was not returned to her. (Compl. ¶¶ 43-45.) At the summary judgment stage, mere allegations will not suffice. Fed. R. Civ. P. 56(e) ("…an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.") Defendants NextGear and PAR services have presented evidence that the only items removed from the vehicle were a pair of boxing gloves and some paperwork. (PAR Dep. (Dkt. 69-1) 33:18-19.) Mrs. Mahdavi has not met her burden in showing those facts are disputed. Mrs. Mahdavi has claimed that a Cartier watch and cash were in her vehicle at the time it was repossessed. (Mahdavi Dep. 51:10-54:14.) She stated in her deposition that her watch was appraised for insurance purposes but provided no supporting documentation. (Id. 50: 2-10) She has also not presented any evidence to support her claim that there was $2,375 in the

9

vehicle at the time it was repossessed. Mrs. Mahdavi's words alone do not create a dispute over a material issue of fact. She has not met her burden in disputing the facts presented by NextGear and PAR in their motion. Therefore, the record contains no facts which would lead a reasonable trier of fact to believe a conversion of Mrs. Mahdavi's personal property has occurred.

Because the undisputed facts do not support plaintiff's claims of trespass and conversion, NextGear and PAR's Motions for Summary Judgment as to Count III of plaintiff's complaint are both GRANTED.

IV. **Conclusion**

As there are no remaining claims against defendant PAR services, they are hereby dismissed as a defendant in this case. The only remaining counts for trial are Counts I and II against defendant NextGear. An appropriate Order will follow this Opinion.

/s/
Theresa Carroll Buchanan
United States Magistrate Judge

THERESA CARROLL BUCHANAN
UNITED STATES MAGISTRATE JUDGE

April 3, 2015
Alexandria, Virginia