IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Alexandria Division)

JODI C. MAHDAVI,

       Plaintiff

v.

NEXTGEAR CAPITAL, INC.,               Case No. 1:14-cv-0648- TCB

       Defendant.

_____/

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

COMES NOW the Plaintiff, Jodi C. Mahdavi, pursuant to Federal Rule of Civil

Procedure 51(a)(1), Local Civil Rule 51, and the applicable scheduling orders entered in the

above-referenced case, and submits the following proposed jury instructions, which are

identified as Proposed Preliminary Instructions and Proposed General Instructions. The Plaintiff

reserves the right to amend or present additional instructions as may become appropriate during

the course of the trial.

**TABLE OF CONTENTS: PROPOSED PRELIMINARY INSTRUCTIONS**

1. **Introductory Remarks**

2. **Conduct of Jury**

3. **Evidence**

4. **Description of Case; Summary of Applicable Law**

5. **Direct and Circumstantial Evidence**

6. **Preponderance of the Evidence**

7. **Credibility of Witnesses**

8. **Description of Trial Proceedings**

**PRELIMINARY INSTRUCTION NO. ____: INTRODUCTORY REMARKS**

Ladies and gentlemen: Now that you have been sworn, I have the following preliminary instructions for your guidance as jurors in this case.

You will hear the evidence, decide what the facts are, and then apply those facts to the law that I will give to you.

You and only you will be the judges of the facts. You will have to decide what happened. I play no part in judging the facts. You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be. My role is to be the judge of the law. I make whatever legal decisions have to be made during the course of the trial, and I will explain to you the legal principles that must guide you in your decisions. You must follow that law whether you agree with it or not.[1]

---

[1] THIRD CIRCUIT MODEL CIVIL JURY INSTRUCTIONS, No. 1.1 (2014).

**PRELIMINARY INSTRUCTION NO. ___: CONDUCT OF JURY**

Now, a few words about your conduct as jurors.

First, I instruct you that during the trial and until you have heard all of the evidence and retired to the jury room to deliberate, you are not to discuss the case with anyone, not even among yourselves. If anyone should try to talk to you about the case, including a fellow juror, bring it to my attention promptly. There are good reasons for this ban on discussions, the most important being the need for you to keep an open mind throughout the presentation of evidence. I know that many of you use cell phones, smart phones [like Blackberries and iPhones], and other portable electronic devices; laptops, netbooks, and other computers both portable and fixed; and other tools of technology, to access the internet and to communicate with others. You also must not talk to anyone about this case or use these tools to communicate electronically with anyone about the case. This includes your family and friends. You may not communicate orally with anyone about the case on your cell phone, smart phone, or portable or fixed computer or device of any kind; or use these devices to communicate electronically by messages or postings of any kind including e-mail, instant messages, text messages, text or instant messaging services [such as Twitter], or through any blog, website, internet chat room, or by way of any other social networking websites or services [including Facebook, MySpace, LinkedIn, and YouTube].

If any lawyer, party, or witness does not speak to you when you pass in the hall, ride the elevator, or the like, remember it is because they are not supposed to talk or visit with you, either.  [That is why you are asked to wear your juror tags. It shows that you are someone who is not to be approached in any way.]

Second, do not read or listen to anything related to this case that is not admitted into evidence. By that I mean, if there is a newspaper article or radio or television report relating to

this case, do not read the article or watch or listen to the report. In addition, do not try to do any independent research or investigation on your own on matters relating to the case or this type of case.

Do not do any research on the internet, for example. You are to decide the case upon the evidence presented at trial. In other words, you should not consult dictionaries or reference materials, search the internet, websites, blogs, or use any other electronic tools to obtain information about this case or to help you decide the case. Please do not try to find out information from any source outside the confines of this courtroom.

Again, do not reach any conclusion on the claims [or defenses] until all of the evidence is in. Keep an open mind until you start your deliberations at the end of the case.[2]

---

[2] THIRD CIRCUIT MODEL CIVIL JURY INSTRUCTIONS, No. 1.3 (2014); Virginia Model Jury Instructions - Civil, No. 2.000 (2014).

**PRELIMINARY INSTRUCTION NO. \_\_\_: EVIDENCE**

The evidence from which you are to find the facts consists of the following:

      1. The testimony of the witnesses;

      2. Documents and other things received as exhibits;

      3. Any facts that are stipulated--that is, formally agreed to by the parties; and

      [4. Any facts that are judicially noticed--that is, facts I say you must accept as true even without other evidence.]

The following things are not evidence:

      1. Statements, arguments, and questions of the lawyers for the parties in this case

      2. Objections by lawyers.

      3. Any testimony I tell you to disregard; and

      4. Anything you may see or hear about this case outside the courtroom.

      You must make your decision based only on the evidence that you see and hear in court. Do not let rumors, suspicions, or anything else that you may see or hear outside of court influence your decision in any way.

      You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

      There are rules that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence. You should not be influenced

by the fact that an objection is made. Objections to questions are not evidence. Lawyers have an obligation to their clients to make objections when they believe that evidence being offered is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it. If the objection is sustained, ignore the question. If it is overruled, treat the answer like any other. If you are instructed that some item of evidence is received for a limited purpose only, you must follow that instruction.

Also, certain testimony or other evidence may be ordered struck from the record and you will be instructed to disregard this evidence. Do not consider any testimony or other evidence that gets struck or excluded. Do not speculate about what a witness might have said or what an exhibit might have shown.[3]

---

[3] THIRD CIRCUIT MODEL CIVIL JURY INSTRUCTIONS, No. 1.5 (2014).

**PRELIMINARY INSTRUCTION NO. ___: DESCRIPTION OF CASE; SUMMARY OF APPLICABLE LAW**

In this case, Mrs. Mahdavi claims that she is the owner and titleholder of the subject

BMW. NextGear Captial, Inc. denies those claims. I will give you detailed instructions on the

law at the end of the case, and those instructions will control your deliberations and decision. But

in order to help you follow the evidence, I will now give you a brief summary of what Mrs.

Mahdavi must prove to make her case:[4]

1. That she bought the BMW;

2. in good faith;

3. without knowledge that the sale of the BMW violated the rights of another person in the
   BMW;

4. in the ordinary course of business; and

5. from a business that sells goods of such kind.[5]

---

[4] THIRD CIRCUIT MODEL CIVIL JURY INSTRUCTIONS, No. 1.2 (2014).

[5] VA. CODE ANN. § 8.1A-201(9).

**PRELIMINARY INSTRUCTION NO. \_\_\_: DIRECT AND CIRCUMSTANTIAL EVIDENCE**

There are two types of evidence that you may use in reaching your verdict. One type of evidence is called "direct evidence." An example of "direct evidence" is when a witness testifies about something that the witness knows through his own senses — something the witness has seen, felt, touched or heard or did. If a witness testified that he saw it raining outside, and you believed him, that would be direct evidence that it was raining. Another form of direct evidence is an exhibit where the fact to be proved is its existence or current condition.

The other type of evidence is circumstantial evidence. "Circumstantial evidence" is proof of one or more facts from which you could find another fact. If someone walked into the courtroom wearing a raincoat covered with drops of water and carrying a wet umbrella, that would be circumstantial evidence from which you could conclude that it was raining.

You should consider both kinds of evidence that are presented to you. The law makes no distinction in the weight to be given to either direct or circumstantial evidence. You are to decide how much weight to give any evidence.[6]

---

[6] THIRD CIRCUIT MODEL CIVIL JURY INSTRUCTIONS, No. 1.6 (2014).

**PRELIMINARY INSTRUCTION NO. ____: PREPONDERANCE OF THE EVIDENCE**

This is a civil case. The Plaintiff, Mrs. Mahdavi, is the party who brought this lawsuit. The Defendant, NextGear Capital, Inc., is the party against whom the lawsuit was filed. Mrs. Mahdavi has the burden of proving her case by what is called the preponderance of the evidence. That means she has to prove to you, in light of all the evidence, that what she claims is more likely so than not so. To say it differently: if you were to put the evidence favorable to Mrs. Mahdavi and the evidence favorable to NextGear Capital, Inc. on opposite sides of the scales, Mrs. Mahdavi would have to make the scales tip somewhat on her side. If she fails to meet this burden, the verdict must be for the Defendant. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.[7]

---

[7] THIRD CIRCUIT MODEL CIVIL JURY INSTRUCTIONS, No. 1.10 (2014).

**PRELIMINARY INSTRUCTION NO. ___: CREDIBILITY OF WITNESSES**

You are the judges of the facts, the credibility of the witnesses, and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case.

You may not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper.

You are entitled to use your common sense in judging any testimony. From these things and all other circumstances of the case, you may determine which witnesses are more believable and weigh their testimony accordingly.[8]

---

[8] Virginia Model Jury Instructions - Civil, No. 2.020 (2013).

**PRELIMINARY INSTRUCTION NO. \_\_\_\_: DESCRIPTION OF TRIAL
PROCEEDINGS**

Members of the jury, the order of the trial of this case will be in four stages:

1.  Opening statements

2. Presentation of the evidence

3. Instructions of law

4. Final argument

After the conclusion of final argument, I will instruct you concerning your deliberations.

You will then go to your room, select a foreperson, deliberate, and arrive at your verdict.

Opening Statements

The plaintiff's attorney may make an opening statement outlining the plaintiff's case.

Then the defendant's attorney also may make an opening statement. Neither side is required to do

so.

Presentation of the Evidence

Following the opening statements, the plaintiff will introduce evidence, after which the

defendant then has the right to introduce evidence (but is not required to do so). Rebuttal

evidence may then be introduced if appropriate.

Instructions of Law

At the conclusion of all evidence, I will instruct you on the law which is to be applied to

this case.

Final Argument

Once the evidence has been presented and you have been instructed on the law, then the attorneys may make their closing arguments. The plaintiff's attorney will argue first, the defendant's attorney may reply, and the plaintiff's attorney may close in rebuttal.

Members of the jury, your function in the trial of this case is to reach a unanimous verdict that is based solely on the evidence and the instructions of law which you will be given after all the evidence has been presented. The law applicable to this case is given to you in these instructions and in the other instructions you will receive at the close of all evidence, and it is your duty to follow all such instructions.

No statement or ruling or remark that I may make during the course of the trial is intended to indicate my opinion as to what the facts are. It is the function of the jury to consider the evidence and determine the facts in this case.

The evidence which you are to consider consists of testimony of witnesses, any exhibits admitted into evidence, and any facts agreed upon between the parties and presented to you in the form of a stipulation. The admission of evidence in court is governed by rules of law. From time to time, it may be the duty of the attorneys to make objections, and it is my duty as judge to rule on those objections and decide whether or not you can consider certain evidence. You must not consider testimony or exhibits to which an objection was sustained or which has been ordered stricken. If an objection is overruled, then you may consider that evidence together with all other evidence in the case. The opening statements and closing arguments of the attorneys are intended to help you in understanding the evidence and in applying the law, but their statements are not evidence.

In your determination of what the facts are, you alone must determine the credibility of

13

the witnesses and the weight of the evidence. You may consider the appearance and manner of the witnesses on the stand, their intelligence, their opportunity for knowing the truth and for having observed the things about which they testified, their interest in the outcome of the case, their bias, and, if any have been shown, their prior inconsistent statements, or whether they have knowingly testified untruthfully as to any material fact in the case. You should not arbitrarily disregard believable testimony of a witness. However, after you have considered all the evidence in the case, then you may accept or discard all or part of the testimony of a witness as you think proper. You should use your common sense in considering the evidence, and you may draw reasonable inferences from that evidence; but in doing so, you should not indulge in guesswork or speculation. From consideration of these things and all the other circumstances of the case, you should determine which witnesses are more believable and weigh their testimony accordingly. Until this case is submitted to you for your deliberations, you should not decide any issue in the case, and you should not discuss the case with anyone or remain within hearing of anyone who is discussing it. There will be occasional recesses during the trial. During the recesses, you should not discuss the case with your fellow jurors or go to the scene or make any independent investigation or receive any information about the case from radio, television, or the newspapers. Once your deliberations commence, then you must discuss the case only in the jury room when all the members of the jury are present.

Do not attempt at any time prior to the conclusion of the case to research any fact, issue, or law related to this case, whether by discussion with others, by research in a library or on the Internet, or by any other means or source. You must not use Internet maps, or any other program or device to search for and view any location discussed in the testimony. You must not search for any information about the case, or the law which applies to the case, or the people involved in

14

the case, including the parties, the witnesses, the lawyers, or the judge. You must not communicate with anyone about the case by any other means, including by telephone, text messages, email, internet chat or chat rooms, blogs, or social web sites. I expect you will inform me if you become aware of another juror's violation of these instructions.

Just prior to your deliberations, you will be given final instructions with regard to your selection of a leader, the conduct of your deliberations, and the forms for your verdict.

The faithful and proper performance by you of your duty is vital to the administration of justice. On behalf of the court and the litigants, we appreciate your giving your complete attention to the case as it is presented.

Thank you.[9]

---

[9] Virginia Model Jury Instructions - Civil, No. 2.000 (2014).

## TABLE OF CONTENTS: PROPOSED GENERAL INSTRUCTIONS

1. **Impeachment of Witness's Character for Truthfulness**

2. **Prior Inconsistent Statement by a Party**

3. **Issues and Burden of Proof**

4. **Finding Instruction**

5. **Buyer in Ordinary Course of Business**

6. **Good Faith**

7. **Damages**

8. **Rejected and Stricken Evidence**

9. **Prior Conviction of Felony or Crime Involving Moral Turpitude**

10. **Verdict Not to Be Based on Sympathy, Bias, Guesswork or Speculation**

11. **Deliberations**

**GENERAL INSTRUCTION NO. ____: IMPEACHMENT OF WITNESS'S CHARACTER FOR TRUTHFULNESS**

You [are about to hear] [have heard] evidence that [name of witness], a witness, [e.g., has been convicted of a felony, committed forgery on a prior occasion, etc.]. You may use that evidence only to help you decide whether to believe the testimony of the witness and to determine how much weight to give it. That evidence does not mean that the witness engaged in any conduct alleged in this case, and you must not use that evidence as any proof that the witness engaged in that conduct.[10]

---

[10] THIRD CIRCUIT MODEL CIVIL JURY INSTRUCTIONS, No. 2.1 (2014).

**GENERAL INSTRUCTION NO. _____: PRIOR INCONSISTENT STATEMENT BY A PARTY**

If you believe from the evidence that a party previously made a statement inconsistent with his testimony at this trial, that previous statement may be considered by you as evidence that what the party previously said was true.[11]

---

[11] Virginia Model Jury Instructions - Civil, No. 2.135 (2014).

**GENERAL INSTRUCTION NO. \_\_\_\_: ISSUES AND BURDEN OF PROOF**

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issue in this case is whether Jodi Mahdavi is a buyer in the ordinary course.  On this issue Jodi Mahdavi has the burden of proof. [12]

---

[12] Virginia Model Jury Instructions - Civil, No. 3.000 (2014).

**GENERAL INSTRUCTION NO. _____: FINDING INSTRUCTION**

You shall find your verdict for Jodi Mahdavi, if she has proved by the greater weight of the evidence each of the following:

1. That she bought the BMW;

2. in good faith;

3. without knowledge that the sale of the BMW violated the rights of another person in the BMW;

4. in the ordinary course of business; and

5. from a business that sells goods of such kind.[13]

If you find by the greater weight of the evidence that Jodi Mahdavi bought the BMW in the ordinary course of business, she is entitled to the ownership and possession of the BMW.[14]

---

[13] Va. Code Ann. § 8.1A-201(9); Va. Code. Ann. § 8.9A-320.
[14] Va. Code. Ann. § 8.9A-320.

**GENERAL INSTRUCTION NO. ____: BUYER IN ORDINARY COURSE OF BUSINESS**

A person buys in the ordinary course of business if the sale to the person comports with the usual or customary practices in the kind of business in which the seller is engaged or with the seller's own usual or customary practices.[15]

---

[15] VA. CODE ANN. § 8.1A-201(9).

**GENERAL INSTRUCTION NO. \_\_\_\_: GOOD FAITH**

Good faith means honesty in fact in the conduct or transaction concerned.[16]

---

[16] VA. CODE ANN. § 8.1A-201(20).

**GENERAL INSTRUCTION NO. _____: REJECTED AND STRICKEN EVIDENCE**

You must not consider any matter that was rejected or stricken by the Court. It is not evidence and should be disregarded.[17]

---

[17] Virginia Model Jury Instructions - Civil, No. 2.170 (2014).

**GENERAL INSTRUCTION NO.____: PRIOR CONVICTION OF FELONY OR CRIME INVOLVING MORAL TURPITUDE**

During the trial, proof that a witness had been convicted of a crime was admitted. The only purpose for which that evidence may be considered by you is its bearing on the witness's credibility.

You may not consider that evidence as proof of any other issue in this case.[18]

---

[18] Virginia Model Jury Instructions - Civil, No. 2.140 (2014).

**GENERAL INSTRUCTION NO. _____: VERDICT NOT TO BE BASED ON SYMPATHY, BIAS, GUESSWORK OR SPECULATION**

You must not base your verdict in any way upon sympathy, bias, guesswork or

speculation. Your verdict must be based solely upon the evidence and instructions of the court.[19]

---

[19] Virginia Model Jury Instructions - Civil, No. 2.220 (2014).

**GENERAL INSTRUCTION NO. ____: DELIBERATIONS**

When you retire to the jury room to deliberate, you may take with you [these instructions] [your notes] [and] the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you

26

change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. It has a series of questions for you to answer. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict.

Unless I direct you otherwise, do not reveal your answers until you are discharged. After

you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.[20]

---

[20]  THIRD CIRCUIT MODEL CIVIL JURY INSTRUCTIONS, No. 3.1 (2014).

Respectfully submitted,

Jodi C. Mahdavi
By Counsel

LEVINE, DANIELS & ALLNUTT, PLLC
Heritage Square
5311 Lee Highway
Arlington, Virginia  22207
Telephone:  (703) 525-2668
Facsimile:  (703) 525-8393
jonathan.levine@levinedaniels.com

By ____/s/ Jonathan E. Levine_____
    Jonathan E. Levine, Esquire
    VA Bar ID 45572
    *Counsel for the Plaintiff, Jodi C. Mahdavi*

## CERTIFICATE OF SERVICE

I hereby certify that on the 21st day of April, 2015 the foregoing Plaintiff's Proposed Jury Instructions were served via CM/ECF on the following: James Bragdon, Esquire, GALLAGHER, EVELIUS & JONES, LLP, 218 N. Charles Street, Suite 400, Baltimore, Maryland 21201, jbragdon@gejlaw.com, *Counsel for NextGear Capital, Inc.*

     /s/ Jonathan E. Levine_____
    Jonathan E. Levine, Esquire