**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

| | | |
|---|---|---|
| **JODI C. MAHDAVI,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:14-cv-0648 |
| | ) | |
| **NEXTGEAR CAPITAL, INC.,** | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT NEXTGEAR CAPITAL, INC.'S
PROPOSED JURY INSTRUCTIONS**

Defendant NextGear Capital, Inc. ("NextGear") respectfully submits the attached

proposed jury instructions.

Respectfully Submitted,

NextGear Capital, Inc.

By  /s/  James D. Bragdon
James D. Bragdon (VSB #83681)
jbragdon@gejlaw.com
David G. Sommer
  *Admitted pro hac vice*
dsommer@gejlaw.com
Gallagher Evelius & Jones LLP
218 N. Charles St., Ste. 400
Baltimore, MD 21201
Telephone (410) 951-1416
Fax (410) 468-2786

Ashley W. Winsky (VSB #79224)
awinsky@mcguirewoods.com
McGuireWoods LLP
Court Square Building
310 Fourth Street N.E., Suite 300
Charlottesville, VA 22902-1288
434-980-2207 (Direct Line)
434-980-2269 (Fax)
*Counsel for NextGear Capital, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 21st day of April, 2015, I electronically filed a true and correct copy of the foregoing Requested Voir Dire with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Jonathan E. Levine, Esq.  
LEVINE, DANIELS & ALLNUTT, PLLC  
Heritage Square  
5311 Lee Highway  
Arlington, VA 22207  
Jonathan.levine@levinedaniels.com  
*Counsel for Plaintiff*

James N. Markels, Esq.  
JACKSON & CAMPBELL, P.C.  
1120 20th Street, N.W.  
South Tower, Third Floor  
Washington, D.C. 20036  
jmarkels@jackscamp.com  
*Counsel for P.A.R. Services*

And will send a copy by Federal Express to:

The Honorable Theresa C. Buchanan  
Magistrate Judge  
United States District Court  
Eastern District of Virginia  
Alexandria Division  
401 Courthouse Squire  
Alexandria, Virginia 22314-5798

To the best of my knowledge there are no other parties who require service by other means.

  /s/  James D. Bragdon  
James D. Bragdon (VSB #83681)  
jbragdon@gejlaw.com  
Gallagher Evelius & Jones LLP  
218 N. Charles St., Ste. 400  
Baltimore, MD 21201  
Telephone (410) 951-1416  
Fax (410) 468-2786  
*Counsel for NextGear Capital, Inc.*

#525620

**NextGear's Proposed Pre-Instruction No. 1.**

**Opening instructions**

We are about to begin the trial of the case you heard about during the jury selection. Before the trial begins, I am going to give you instructions that will help you to understand what will be presented to you and how you should conduct yourself during the trial.

During the trial you will hear me use a few terms that you may not have heard before. Let me briefly explain some of the most common to you. The party who sues is called the plaintiff. In this action, the plaintiff is Jodi C. Mahdavi. The party being sued is called the defendant. In this action, the defendant is NextGear Capital, Inc.

You will sometimes hear me refer to "counsel." "Counsel" is another way of saying "lawyer" or "attorney." I will sometimes refer to myself as the "Court."

When I "sustain" an objection, I am excluding that evidence from this trial for a good reason. When you hear that I have "overruled" an objection, I am permitting that evidence to be admitted.

When I say "admitted into evidence" or "received into evidence," I find that this particular statement or the particular exhibit may be considered by you in making the decisions you must make at the end of the case.

By your verdict, you will decide disputed issues of fact. I will decide all questions of law that arise during the trial. Before you begin your deliberation at the close of the case, I will instruct you in more detail on the law that you must follow and apply.

Because you will be asked to decide the facts of this case, you should give careful attention to the testimony and evidence presented. Keep in mind that I will instruct you at the end of the trial about determining the credibility or "believability" of the witnesses. During the trial you should keep an open mind and should not form or express any opinion about the case until you have heard all of the testimony and evidence, the lawyers' closing arguments, and my instructions to you on the law.

While the trial is in progress, you must not discuss the case in any manner among yourselves or with anyone else. In addition, you should not permit anyone to discuss the case in your presence.

From time-to-time during the trial, I may make rulings on objections or motions made by the lawyers. It is a lawyer's duty to object when the other side offers testimony or other evidence the lawyer believes is not admissible. You should not be biased or partial against a lawyer or the lawyer's client because the lawyer has made objections. If I sustain or uphold an objection to a question that goes unanswered by the witness, you should not draw any inferences or conclusions from the question. You should not infer or conclude from any ruling or other

comment I may make that I have any opinions on the merits of the case favoring one side or the other. I do not favor one side or the other.

The lawyers are not allowed to speak with you during this case. When you see the lawyers at a recess or pass them in the halls and they do not speak to you, they are not being rude or unfriendly; they are simply following the law.

During the trial, it may be necessary for me to talk with the lawyers out of your hearing about questions of law or procedure. Sometimes, you may be excused from the courtroom during these discussions. I will try to limit these interruptions as much as possible, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

*Authority*:

Kevin F. O'Malley, Jay E. Grenig, Hon. William C. Lee, Federal Jury Practice And Instructions ("Federal Jury Practice & Instructions"), 3 Fd. Jury Prac. & Instr. § 101:01 (6th ed.)

2

**NextGear's Proposed Pre-Instruction No. 2**

**Order of trial**

The case will proceed as follows:

First, the lawyers for each side may make opening statements. What is said in the opening statements is not evidence, but is simply an outline or summary to help you understand what each party expects the evidence to show. A party is not required to make an opening statement.

After the opening statements, the plaintiff will present evidence in support of plaintiff's claim and the defendant's lawyer may cross-examine the witnesses. At the conclusion of the plaintiff's case, the defendant may introduce evidence and the plaintiff's lawyer may cross-examine the witnesses. The defendant is not required to introduce any evidence or to call any witnesses.

After the evidence is presented, the parties' lawyers make closing arguments explaining what they believe the evidence has shown. What is said in the closing arguments is not evidence.

Finally, I will instruct you on the law that you are to apply in reaching your verdict. You will then decide the case.

*Authority*:

Federal Jury Practice & Instructions § 101:02

**NextGear's Proposed Pre-Instruction No. 3**

**Claims and defenses**

The positions of the parties can be summarized as follows:

Plaintiff claims that her interest in a vehicle, a BMW 7-series convertible 2013 BMW 650i Gran Coupe, is superior to that of NextGear, which financed the vehicle and has a security interest in the vehicle. Plaintiff claims that she purchased the BMW in good faith for value without knowledge that the sale violated the rights of NextGear. She claims the sale "comports with the usual or customary practices" of used car sales.

Defendant denies those claims and contends that the purchase was not usual or customary. Defendant claims the paperwork for the vehicle was fraudulently created by Plaintiff's husband, the general manager of the car dealer who sold the vehicle, at a time when the dealership was removing and hiding dozens of vehicles from the lot to avoid Defendant's ability to repossess them. Defendant claims that the extraordinary circumstances of the transaction, Plaintiff's lack of knowledge regarding the details, and her husband's role and invocation of his Fifth Amendment rights prevent a finding that the purchase was made in the ordinary course of business.

*Authority*:

Federal Jury Practice & Instructions § 101:03

#525620

**NextGear's Proposed Pre-Instruction No. 4**

**Province of judge and jury**

After all the evidence has been heard and arguments and instructions are finished, you will meet to make your decision.  You will determine the facts from all the testimony and other evidence that is presented.  You are the sole and exclusive judge of the facts.  I must stress that you must accept the rules of law that I give you, whether or not you agree with them.

The law permits me to comment on the evidence in the case during the trial or while instructing the jury.  Such comments are only expressions of my opinion as to the facts.  You may disregard these comments entirely, because you are to determine for yourself the weight of the evidence and the credibility of each of the witnesses.

*Authority*:

Federal Jury Practice & Instructions § 101:10

#525620

**NextGear's Proposed Pre-Instruction No. 5**

**Jury conduct**

To ensure fairness, you must obey the following rules:

1.      Do not talk to each other about this case or about anyone involved with this case until the end of the trial when you go to the jury room to decide on your verdict.

2.      Do not talk with anyone else about this case or about anyone involved with this case until the trial has ended and you have been discharged as jurors.  "Anyone else" includes members of your family and your friends.  You may tell people you are a juror, but do not tell them anything else about the case.

3.      Outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it until the trial has ended.  If someone should try to talk to you about the case during the trial, please report it to me immediately.

4.      During the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them.  It is important not only that you do justice in this case, but that you also give the appearance of doing justice.

5.      Do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it.

6.      Do not do any research, such as checking dictionaries, or make any investigation about the case on your own.

7.      Do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and the other jurors have discussed all the evidence.

8.      If you need to tell me something, simply give a signed note to the bailiff to give to me.

*Authority*:

Federal Jury Practice & Instructions § 101:11

#525620

**NextGear's Proposed Pre-Instruction No. 6**

**Notetaking—Permitted**

During this trial, I will permit you to take notes.  You are not required to take notes.  If you do not take notes, you should not be influenced by another juror's notes, but should rely upon your own recollection of the evidence.

Because many courts do not permit notetaking by jurors, a word of caution is in order.  You must not allow your notetaking to distract you from the proceedings.

Frequently, there is a tendency to attach too much importance to what a person writes down.  Some testimony that is considered unimportant at the time presented and not written down may take on greater importance later in the trial in light of all the evidence presented, the final arguments, and my instructions on the law.

Accordingly, you are instructed that your notes are only a tool to aid your own individual memory and you should not compare your notes with other jurors in determining the content of any testimony or in evaluating the importance of any evidence.  Your notes are not evidence, and are by no means a complete outline of the proceedings or a list of the highlights of the trial.  Your memory should be your greatest asset when it comes time to deciding this case.


*Authority*:

Federal Jury Practice & Instructions § 101:15

#525620

## NextGear's Proposed Pre-Instruction No. 7

### Evidence in the case

The evidence in the case will consist of the following: (1) the sworn testimony of the witnesses, no matter who called a witness; (2) all exhibits received in evidence, regardless of who may have produced the exhibits (3) all facts that may have been judicially noticed and that you must take as true for purposes of this case.

Depositions may also be received in evidence. Depositions contain sworn testimony, with the lawyers for each party being entitled to ask questions. Deposition testimony may be accepted by you, subject to the same instructions that apply to witnesses testifying in open court.

I may take judicial notice of certain facts or events. When I declare that I will take judicial notice of some fact or event, you must accept that fact as true.

If I sustain an objection to any evidence or if I order evidence stricken, that evidence must be entirely ignored.

Some evidence is admitted for a limited purpose only. When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other purpose.

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the statements of the witness. In other words, you are not limited solely to what you see and hear as the witnesses testified. You may draw from the facts that you find have been proved, such reasonable inferences or conclusions as you feel are justified in light of your experience.

At the end of the trial you will have to make your decision based on what you recall of the evidence. You will not have a written transcript to consult, and it is difficult and time consuming for the reporter to read back lengthy testimony. I urge you to pay close attention to the testimony as it is given.

*Authority*:

Federal Jury Practice & Instructions § 101:40 (modified)

#525620

**NextGear's Proposed Pre-Instruction No. 8**

**Burden of proof**

When a party has the burden to prove any matter by a preponderance of the evidence, it means that you must be persuaded by the testimony and exhibits that the matter sought to be proved is more probably true than not true.  You should base your decision on all of the evidence, regardless of which party presented it.

*Authority*:

Federal Jury Practice & Instructions § 101:41

**NextGear's Proposed Pre-Instruction No. 9**

**Credibility of witnesses**

In deciding the facts, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, part of it, or none of it.  In considering the testimony of any witness, you may take into account many factors, including the witness's opportunity and ability to see or hear or know the things the witness testified about; the quality of the witness's memory; the witness's appearance and manner while testifying; the witness's interest in the outcome of the case; any bias or prejudice the witness may have; other evidence that may have contradicted the witness's testimony; and the reasonableness of the witness's testimony in light of all the evidence.  The weight of the evidence does not necessarily depend upon the number of witnesses who testify.

*Authority*:

Federal Jury Practice & Instructions § 101:43

**NextGear's Proposed Pre-Instruction No. 10**

**Objections**

When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side believes the question or exhibit is not admissible under the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received into evidence.  If I sustain the objection, the question cannot be answered and the exhibit cannot be received into evidence.

If I sustain an objection to a question or the admission of an exhibit, you must ignore the question and must not guess what the answer to the question might have been.  In addition, you must not consider evidence that I have ordered stricken from the record.

*Authority*:

Federal Jury Practice & Instructions § 101:49

#525620

**NextGear's Proposed Pre-Instruction No. 11**

**Effect of refusal of witness to answer**

The law requires every witness to answer all proper questions put to the witness at trial, unless I rule the witness is privileged to refuse to answer on constitutional or other grounds. The fact a witness refuses to answer a question after being instructed by me to answer it may be considered by the jury as one of the factors in determining the credibility of the witness and the weight his or her testimony deserves.

*Authority*:

Federal Jury Practice & Instructions § 105:10

#525620

**NextGear's Proposed Pre-Instruction No. 12**

**Failure to Produce Available Evidence**

If a party fails to produce evidence that is under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

*Authority*:

Federal Jury Practice & Instructions § 104.26

#525620

**NextGear's Proposed Instruction No. 1**

**General introduction**

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law.  It is your duty to follow the law as I will state it.  You must apply the law to the facts as you find them from the evidence in the case.  Do not single out one instruction as stating the law, but consider the instructions as a whole.  Do not be concerned about the wisdom of any rule of law stated by me.  You must follow and apply the law.

Nothing I say in these instructions indicates I have any opinion about the facts.  You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party.  The law does not permit you to be controlled by sympathy, prejudice, or public opinion.  All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

*Authority*:

Federal Jury Practice & Instructions § 103:01

#525620

**NextGear's Proposed Instruction No. 2**

**Use of notes**

You may use the notes taken by you during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

*Authority*:

Federal Jury Practice & Instructions § 103:02

**NextGear's Proposed Instruction No. 3**

**Evidence in the case**

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence.  The lawyers are not witnesses.  What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence.  However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

*Authority*:

Federal Jury Practice & Instructions § 103:30

#525620

**NextGear's Proposed Instruction No. 4**

**Preponderance of the Evidence**

Mrs. Mahdavi has the burden to prove every essential element of her claim by a preponderance of the evidence.  If Mrs. Mahdavi should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.  This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

*Authority*:

Federal Jury Practice & Instructions § 104:01 (modified).

**NextGear's Proposed Instruction No. 5**

**Direct and circumstantial evidence**

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

*Authority*:

Federal Jury Practice & Instructions § 104:05

#525620

**NextGear's Proposed Instruction No. 6**

**Inferences**

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

*Authority*:

Federal Jury Practice & Instructions § 104:20.

#525620

**NextGear's Proposed Instruction No. 7**

**Failure to call available witness**

If a party fails to call a person as a witness who has knowledge about the facts in issue, and who is reasonably available to the party, and who is not equally available to the other party, then you may infer that the testimony of that person is unfavorable to the party who could have called the witness and did not.

*Authority*:

Federal Jury Practice & Instructions § 104:25

#525620

**NextGear's Proposed Instruction No. 8**

**Failure to produce available evidence**

If a party fails to produce evidence under that party's control and reasonably available to that party and not reasonably available to the adverse party, then you may infer that the evidence is unfavorable to the party who could have produced it and did not.

*Authority*:

Federal Jury Practice & Instructions § 104:26

**NextGear's Proposed Instruction No. 9**

**Answers to interrogatories**

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party.  A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers.  The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

*Authority*:

Federal Jury Practice & Instructions § 104:72

**NextGear's Proposed Instruction No. 10**

**Discrepancies in testimony**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves.  You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief.  Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters.  Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony.  Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves.  In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact.  You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

*Authority*:

Federal Jury Practice & Instructions § 105:01

**NextGear's Proposed Instruction No. 11**

**Use of depositions as evidence**

During the trial, certain testimony has been presented by way of deposition.  The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case.  The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath.

Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

*Authority*:

Federal Jury Practice & Instructions § 105:02

#525620

**NextGear's Proposed Instruction No. 12**

**Impeachment—Inconsistent statement or conduct**

A witness may be discredited or impeached by contradictory evidence or by evidence that at some other time the witness has said or done something, or has failed to say or do something that is inconsistent with the witness's present testimony.

If you believe any witness has been impeached and thus discredited, you may give the testimony of that witness such credibility, if any, you think it deserves.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

An act or omission is "knowingly" done, if the act is done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

*Authority*:

Federal Jury Practice & Instructions § 105:04

**NextGear's Proposed Instruction No. 13**

**Effect of refusal of witness to answer**

The law requires every witness to answer all proper questions put to the witness at trial, unless I rule the witness is privileged to refuse to answer on constitutional or other grounds.

The fact a witness refuses to answer a question after being instructed by me to answer it may be considered by the jury as one of the factors in determining the credibility of the witness and the weight his or her testimony deserves.

*Authority*:

Federal Jury Practice & Instructions § 105:10.

**NextGear's Proposed Instruction No. 14**

**Permissible Inferences against Plaintiff for Invocation of Fifth Amendment by Witnesses**

Plaintiff's husband, Alex Mahdavi, took the stand.  NextGear's counsel asked Mr. Mahdavi about the sale paperwork, the use of a Maryland address, the timing of the purchase, and the treatment of the purchase money of the BMW.  NextGear's counsel asked Mr. Mahdavi about his communications with his wife on these same issues.

In response to these questions, Mr. Mahdavi invoked his right under the Fifth Amendment to the United States Constitution and refused to answer.  The Fifth Amendment provides in part that:  "No person . . . shall be compelled in any criminal case to be a witness against himself . . . ."  Even when testifying in a civil lawsuit in which a person is not a party, he or she has a right to refuse to answer questions if it is possible that the answers will subsequently be used against him or her in a criminal case.  Mr. Mahdavi's invocation of the Fifth Amendment demonstrates that truthful answers to the questions posed by NextGear may have led to his criminal prosecution.

You may, but are not required to, draw the inference that Mr. Mahdavi's answers to the questions posed, if given, would have been favorable to NextGear in this case, and unfavorable to Mrs. Mahdavi.  Any inference you may draw should be based upon all of the facts and circumstances of this case as you may find them.

*Authority:*

*Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *ePlus Tech., Inc. v. Aboud*, 313 F.3d 166, 179 (4th Cir. 2002); *United States ex rel. DRC, Inc. v. Custer Battles,* 415 F. Supp. 2d 628, 632-36; *Libutti v. United States*, 107 F.3d 110, 121-25 (2d Cir. 1997); *RAD Servs., Inc. v. Aetna Cas. & Sur. Co.*, 808 F.2d 271, 274-77 (3d Cir. 1986); *FDIC v. Fidelity & Deposit Co. of Md.*, 45 F.3d 969, 977-78 (5th Cir. 1995).

**NextGear's Proposed Instruction No. 15**

**Fifth Amendment**

Although you are permitted to draw a negative inference from the fact that the defendant asserts defendant's Fifth Amendment privilege and silence in response to questions, you are not required to do so.


*Authority*:

Federal Jury Practice & Instructions § 104:28

**NextGear's Proposed Instruction No. 16**

**Buyer in the Ordinary Course**

NextGear obtained a security interest in the BMW and it perfected that security interest. Interest continues in the BMW and is superior to Mrs. Mahdavi's interest unless Mrs. Mahdavi was a buyer in the ordinary course of business.

Mrs. Mahdavi's interest in the BMW defeats NextGear's interest under the Virginia UCC if she is a buyer in the ordinary course of business. "Buyer in ordinary course of business" means a person that buys goods, such as the BMW, in good faith, without knowledge that the sale violates the rights of another person in the goods, and in the ordinary course from a person in the business of selling goods of that kind.

A person buys goods in the ordinary course only if the sale to the person comports with the usual or customary practices in the kind of business or with the seller's own usual or customary practice.

Va. Code Ann. § 8.9A-315.
Va. Code Ann. § 8.9A-320.
Va. Code Ann. § 8.1A-201.

**NextGear's Proposed Instruction No. 17**

**Findings – Ordinary Course**

If you find that Mrs. Mahdavi purchased the vehicle (i) in good faith, (ii) for value, (iii) without notice that the purchase violated the rights of NextGear, and also find that (iv) the sale comported with the usual and customary practices of the used car sales industry, you must find in favor of Mrs. Mahdavi on Count II of her complaint.  You must find that Mrs. Mahdavi established every one of these elements by a preponderance of the evidence in order to find in her favor on Count II.

If you find that Mrs. Mahdavi has failed to show by a preponderance of the evidence any of these required elements of her claim, then you must return a verdict in favor of NextGear. You must return a verdict in favor of NextGear if you find the sale was not for value, was not made in good faith, was not in the ordinary course, or did not comport with the usual or customary practices of the used car sales industry.

*Authority:*

Va. Code Ann. § 8.1A-201.

**NextGear's Proposed Instruction No. 18**

**Agency Relationship**

Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on her behalf and subject to her control, and consent by the other so to act.

The one for whom action is to be taken is the principal.  The one who is to act is the agent.

If you find that Mrs. Mahdavi consented to have her husband, Mr. Mahdavi, act on her behalf in purchasing the BMW, and Mr. Mahdavi consented to act on her behalf in purchasing the BMW, then Mr. Mahdavi acted as agent to Mrs. Mahdavi, the principal, in purchasing the BMW.

*Authority:*

Restatement (Second) of Agency § 1 (1958) (modified).

**NextGear's Proposed Instruction No. 19**

**Agent's Knowledge Imputed to Principal**

Knowledge of an agent is imputed to the principal on matters which the agent acts to bind the principal or upon which it is his duty to give the principal information.

The knowledge of an agent who acquires property for his principal affects the interests of his principal in the subject matter to the same extent as if the principal had acquired it with the same knowledge.

If you find that Mr. Mahdavi was acting as the agent for his wife, Mrs. Mahdavi, in purchasing the vehicle, then Mr. Mahdavi's knowledge on matters concerning the BMW and the sale is imputed to Mrs. Mahdavi, and Mrs. Mahdavi should be treated as though she had all of the knowledge concerning the BMW, and NextGear's interest in it, as her husband did.

If Mr. Mahdavi had knowledge of NextGear's interest in the BMW and was acting as her agent in the purchase, Mrs. Mahdavi is not a buyer in the ordinary course.

Restatement (Second) of Agency § 274 (1958).
Va. Code Ann. § 8.1A-201.

#525620

**NextGear's Proposed Instruction No. 20**

**Notice or knowledge—Duty of inquiry**

If it appears from the evidence in the case a person had information that would lead a reasonably prudent person to make inquiry through which that person would surely learn the facts, then this person may be found to have had actual knowledge of those facts, the same as if the person had made such inquiry and had actually learned such facts. The law charges a person with notice and knowledge of whatever that person would have learned, on making such inquiry as it would have been reasonable to expect the person to make under the circumstances.

If you find that a reasonably prudent person would have made an inquiry into additional facts regarding the BMW and its purchase, you may attribute knowledge of those facts to Mrs. Mahdavi even if she did not actually have the knowledge.

*Authority*:

Federal Jury Practice & Instructions § 104:24

**NextGear's Proposed Instruction No. 21**

**Duty to deliberate**

The verdict must represent the considered judgment of each of you. In order to return a verdict, it is necessary that each juror agree.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without disregard of individual judgment.  You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans.  You are judges—judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Authority*:

Federal Jury Practice & Instructions § 106:01

#525620

**NextGear's Proposed Instruction No. 22**

**Communications between court and jury during jury's deliberations**

If it becomes necessary during your deliberations to communicate with me, you may send a note by a bailiff, signed by your foreperson or by one or more members of the jury.  No member of the jury should ever attempt to communicate with me by any means other than a signed writing.  I will never communicate with any member of the jury on any subject touching the merits of the case otherwise than in writing, or orally here in open court.

From the oath about to be taken by the bailiffs you will note that they too, as well as all other persons, are forbidden to communicate in any way or manner with any member of the jury on any subject touching the merits of the case.

Bear in mind also that you are never to reveal to any person—not even to me—how the jury stands, numerically or otherwise, on the questions before you, until after you have reached a unanimous verdict.

*Authority*:

Federal Jury Practice & Instructions § 106:08

**NextGear's Proposed Instruction No. 23**

**Election of foreperson; duty to deliberate; communications with court; cautionary; unanimous verdict; verdict form**

You must follow these rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict.

Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember you should not tell anyone—including me—how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law I have given to you in these instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be—that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

*Authority*:

Federal Jury Practice & Instructions § 103:50

#525620