# GENERAL INSTRUCTION NO. \_\_1\_\_: ISSUES AND BURDEN OF PROOF

Your verdict must be based on the facts as you find them and on the law contained in all of these instructions.

The issue in this case is whether Jodi Mahdavi is a buyer in the ordinary course. On this issue Jodi Mahdavi has the burden of proof.

# GENERAL INSTRUCTION NO. $\mathcal{V}$ : FINDING INSTRUCTION

You shall find your verdict for Jodi Mahdavi, if she has proved by the greater weight of the evidence each of the following:

1. That she bought the BMW;

2. in good faith;

3. without knowledge that the sale of the BMW violated the rights of another person in the BMW;

4. in the ordinary course of business; and

5. from a business that sells goods of such kind.

If you find by the greater weight of the evidence that Jodi Mahdavi bought the BMW in the ordinary course of business, she is entitled to the ownership and possession of the BMW.

If you find that Mrs. Mahdavi has failed to show by a preponderance of the evidence any of these required elements of her claim, then you must return a verdict in favor of NextGear.

# GENERAL INSTRUCTION NO. 3 : BUYER IN ORDINARY COURSE OF BUSINESS

A person buys in the ordinary course of business if the sale to the person comports with the usual or customary practices in the kind of business in which the seller is engaged or with the seller's own usual or customary practices.

**GENERAL INSTRUCTION NO. 4: GOOD FAITH**

Good faith means honesty in fact in the conduct or transaction concerned.

# GENERAL INSTRUCTION NO. 5 : VERDICT NOT TO BE BASED ON SYMPATHY, BIAS, GUESSWORK OR SPECULATION

You must not base your verdict in any way upon sympathy, bias, guesswork or speculation. Your verdict must be based solely upon the evidence and instructions of the court.

# GENERAL INSTRUCTION NO. 6 : GENERAL INTRODUCTION

Now that you have heard the evidence and the argument, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it. You must apply the law to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. Do not be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

Nothing I say in these instructions indicates I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

# GENERAL INSTRUCTION NO. 7 : EVIDENCE IN THE CASE

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statement, closing arguments, and at other times is intended to help you understand the evidence, but it is not evidence. However, when the lawyers on both sides stipulate or agree on the existence of a fact, unless otherwise instructed, you must accept the stipulation and regard that fact as proved.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

# GENERAL INSTRUCTION NO. 8 : PREPONDERANCE OF THE EVIDENCE

Mrs. Mahdavi has the burden to prove every essential element of her claim by a preponderance of the evidence. If Mrs. Mahdavi should fail to establish any essential element of plaintiff's claim by a preponderance of the evidence, you should find for defendant as to that claim.

"Establish by a preponderance of the evidence" means evidence, which as a whole, shows that the fact sought to be proved is more probable than not. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence, unless otherwise instructed you may consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

# GENERAL INSTRUCTION NO. 9 : DIRECT AND CIRCUMSTANTIAL EVIDENCE

Generally speaking, there are two types of evidence presented during a trial—direct evidence and circumstantial evidence. "Direct evidence" is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness. "Indirect or circumstantial" evidence is proof of a chain of facts and circumstances indicating the existence or nonexistence of a fact.

The law generally makes no distinction between the weight or value to be given to either direct or circumstantial evidence. A greater degree of certainty is not required of circumstantial evidence. You are required to find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

# GENERAL INSTRUCTION NO. 10 : INFERENCES

You are to consider only the evidence in the case. However, you are not limited to the statements of the witnesses. You may draw from the facts you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions that reason and common sense lead you to draw from facts established by the evidence in the case.

# GENERAL INSTRUCTION NO. 4: ANSWERS TO INTERROGATORIES

Each party has introduced into evidence certain interrogatories—that is, questions together with answers signed and sworn to by the other party. A party is bound by its sworn answers.

By introducing an opposing party's answers to interrogatories, the introducing party does not bind itself to those answers. The introducing party may challenge the opposing party's answers in whole or in part or may offer contrary evidence.

# GENERAL INSTRUCTION NO. <u>IV</u>: DISCREPANCIES IN TESTIMONY

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of a witness, or by the manner in which a witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

In addition, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or nonexistence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

# GENERAL INSTRUCTION NO. 13 : USE OF DEPOSITIONS AS EVIDENCE

During the trial, certain testimony has been presented by way of deposition. The deposition consisted of sworn, recorded answers to questions asked of the witness in advance of the trial by attorneys for the parties to the case. The testimony of a witness who, for some reason, is not present to testify from the witness stand may be presented in writing under oath.

Such testimony is entitled to the same consideration and is to be judged as to credibility, and weighed, and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand.

# GENERAL INSTRUCTION NO. 14: PERMISSIBLE INFERENCES AGAINST PLAINTIFF FOR INVOCATION OF FIFTH AMENDMENT BY WITNESSES

Mr. Mahdavi invoked his right under the Fifth Amendment to the United States Constitution and refused to answer any questions propounded by NextGear's counsel here at trial or in his written deposition. The Fifth Amendment provides in part that: "No person . . . shall be compelled in any criminal case to be a witness against himself . . . ." Even when testifying in a civil lawsuit in which a person is not a party, he or she has a right to refuse to answer questions if it is possible that the answers will subsequently be used against him or her in a criminal case. Mr. Mahdavi's invocation of the Fifth Amendment demonstrates his reasonable belief that truthful answers to the questions posed by NextGear may have led to his criminal prosecution.

You may, but are not required to, draw the inference that Mr. Mahdavi's answers to the questions posed, if given, would have been favorable to NextGear in this case, and unfavorable to Mrs. Mahdavi. Any inference you may draw should be based upon all of the facts and circumstances of this case as you may find them.

# GENERAL INSTRUCTION NO. 15: DELIBERATIONS

When you retire to the jury room to deliberate, you may take with you these instructions and the exhibits that the Court has admitted into evidence. You should select one member of the jury as your foreperson. That person will preside over the deliberations and speak for you here in open court

You have two main duties as jurors. The first one is to decide what the facts are from the evidence that you saw and heard here in court. Deciding what the facts are is your job, not mine, and nothing that I have said or done during this trial was meant to influence your decision about the facts in any way.

Your second duty is to take the law that I give you, apply it to the facts, and decide if, under appropriate burden of proof, the parties have established their claims. It is my job to instruct you about the law, and you are bound by the oath that you took at the beginning of the trial to follow the instructions that I give you, even if you personally disagree with them. This includes the instructions that I gave you before and during the trial, and these instructions. All the instructions are important, and you should consider them together as a whole.

Perform these duties fairly. Do not let any bias, sympathy or prejudice that you may feel toward one side or the other influence your decision in any way.

As jurors, you have a duty to consult with each other and to deliberate with the intention of reaching a verdict. Each of you must decide the case for yourself, but only after a full and impartial consideration of all of the evidence with your fellow jurors. Listen to each other carefully. In the course of your deliberations, you should feel free to re-examine your own views and to change your opinion based upon the evidence. But you should not give up your honest convictions about the evidence just because of the opinions of your fellow jurors. Nor should you change your mind just for the purpose of obtaining enough votes for a verdict.

When you start deliberating, do not talk to the jury officer, to me or to anyone but each other about the case. During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a cell phone, smart phone [like Blackberries or iPhones], or computer of any kind; the internet, any internet service, or any text or instant messaging service [like Twitter]; or any internet chat room, blog, website, or social networking service [such as Facebook, MySpace, LinkedIn, or YouTube], to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

If you have any questions or messages for me, you must write them down on a piece of paper, have the foreperson sign them, and give them to the jury officer. The officer will give them to me, and I will respond as soon as I can. I may have to talk to the lawyers about what you have asked, so it may take some time to get back to you.

One more thing about messages. Never write down or tell anyone how you stand on your votes. For example, do not write down or tell anyone that a certain number is voting one way or another. Your votes should stay secret until you are finished.

Your verdict must represent the considered judgment of each juror. In order for you as a jury to return a verdict, each juror must agree to the verdict. Your verdict must be unanimous.

A form of verdict has been prepared for you. You will take this form to the jury room and when you have reached unanimous agreement as to your verdict, you will fill it in, and have your foreperson date and sign the form. You will then return to the courtroom and your foreperson will give your verdict.

Unless I direct you otherwise, do not reveal your answers until you are discharged. After you have reached a verdict, you are not required to talk with anyone about the case unless I order

you to do so.

Once again, I want to remind you that nothing about my instructions and nothing about the form of verdict is intended to suggest or convey in any way or manner what I think your verdict should be. It is your sole and exclusive duty and responsibility to determine the verdict.